Doolittle *v.* Galena and Chicago Union Railroad Company.

---

JOHN DOOLITTLE, Petitioner, *v.* THE GALENA AND CHICAGO UNION RAILROAD COMPANY, Respondents.

PETITION FOR CERTIORARI.

A writ of *certiorari* may issue to all inferior tribunals and jurisdictions, in cases where they exceed their jurisdiction, and in cases where they proceed illegally, and there is no appeal or other mode of directly reviewing their proceedings.

An error of judgment, on the part of the judge, either as to the facts or the law of the case, could not be inquired into or corrected by this suit.

THE petitioner, John Doolittle, in his petition, declares, that some time about the year 1838 he acquired a large tract of land in Winnebago county, and cultivated and improved the same until it would be worth $10,000 but for the injury complained of. His petition then described the land, a part of which he alleged to be valuable, not only as meadow land, adjoining said farm, but as being contiguous to the flourishing village of Beloit.

That in the latter part of the summer of 1852, the Galena and Chicago Union Railroad Company, acting under their charter, having completed a road from Chicago to Rockford, commenced surveying a branch road, leaving the main road between Chicago and Rockford at Belvidere, and extending from the last-named place to Beloit, in Wisconsin, crossing the farm of petitioner in such a manner as very greatly to injure it, rendering its use and cultivation inconvenient, and greatly impairing its actual value.

That the peculiar location of the farm was such that its present or future value did not depend upon the construction of said branch road from Belvidere to Beloit; therefore he refused to agree upon any terms by which said railroad might be constructed across his farm.

That said company then made application to the judge of the circuit court for a condemnation of the right of way; that commissioners to assess damages were appointed, who examined the premises, heard proof, &c., and reported that the damages to Doolittle would be $568.65; that the proofs adduced by Doolittle showed that his damage would be $2,000, but that by allowing general benefits to be derived from the railroad as a set-off, this sum was reduced to that of $568.65, as aforesaid.

That Doolittle, being dissatisfied with the appraisal, gave notice thereof to the judge of the circuit court, when he was again heard by his witnesses; that hearing that the judge of the circuit court was a stockholder in said company, Doolittle objected to his proceeding to hear the cause, which objection was overruled; that the judge of the circuit court then proceeded to hear proofs, and to confirm the report of the commissioners appointed to assess damages, &c.; that said judge acted erroneously, or he would not have found that the benefits and advantages were equal to the injury caused petitioner by the construction of said road across his farm, even though the rule of setting off the general benefits to the farm against the injuries were the law of the land, &c.

That petitioner has refused to accept the damages assessed, &c., and believes that the decision of the judge ought to be reviewed and corrected by the Supreme Court. Prays that a writ of *certiorari* may be sent to the judge, commanding him to make return of his doings in this behalf, especially to make return of the testimony taken before him, and of the rule of law by which he determined the amount of damages awarded to petitioner, &c.

This cause was heard a second time on petition for rehearing.

J. MARSH, for petitioner.

J. H. COLLINS, for respondent.

TREAT, C. J.   The common law writ of *certiorari* may issue to all inferior tribunals and jurisdictions, in cases where they exceed their jurisdiction, and in cases where they proceed illegally, and there is no appeal or other mode of directly reviewing their proceedings.   These are the only instances in which their proceedings can be reviewed on *certiorari*.   The People *v.* Wilkinson, 13 Illinois, 660.   The present application does not fall within either of these classes of cases.   The circuit judge clearly had jurisdiction of the case.   The charter of the corporation expressly invested him with power to appoint the appraisers, and to confirm or set aside their assessment.   And he proceeded regularly in the exercise of the power.   If any error intervened to the prejudice of the petitioner, it was in the action of the judge upon the report of the appraisers.   But that action did not relate to his jurisdiction, or to the regularity of his proceedings.   It was simply a decision upon the evidence.   A return to a writ of *certiorari* would not bring up the evidence upon which the decision was based.   It would only embrace the record of the proceedings.   This court would have to determine from the face of the record whether there was an excess of jurisdiction or any irregularity in the course of proceeding.   No question would arise upon the evidence, or upon any decision made thereon.   An error of judgment on the part of the judge, either as to the facts or the law of the case, could not be inquired into and corrected.   The law on this subject is too well settled to require discussion.   The People *v.* The Mayor, 2 Hill, 9; In the matter of Mount Morris Square, Ib. 14; Birdsall *v.* Phillips, 17 Wend. 464; Prindle *v.* Anderson, 19 Ib. 391; Simpson *v.* Rhinelander, 20 Ib. 103; Johnson *v.* Moss, Ib. 145; *Ex parte* the Mayor of Albany, 23 Ib. 277.

The application is denied.

*Application denied.*[1]

[1] NOTE BY THE REPORTER.— Upon a rehearing of the case, the court adhered to the foregoing decision.