## JOEL J. MILLER *et al.*

*v.*

## TRUSTEES OF SCHOOLS TOWNSHIP 15 NORTH, RANGE 6 EAST.

1. CERTIORARI—*at common law.* The fact that evidence, other than that afforded by the record of an inferior tribunal, can not be heard on *certiorari,* at common law, does not deprive the circuit court of jurisdiction. There may be cases in which the illegal action of the inferior tribunal can not be reached in this proceeding, as, where resort must be had to extrinsic evidence to show the illegality.

2. Where the illegality of the action of school trustees, in uniting school districts, appears upon the face of the proceedings, it is error to dismiss a writ of *certiorari* to review their action, there being no provision made to review the same by appeal, where they have created new districts, or consolidated two or more old ones into a new one.

3. The common law writ of *certiorari* may issue from the circuit court to all inferior tribunals and jurisdictions, in cases where they exceed their jurisdiction, or where they proceed illegally, and there is no appeal or other mode of directly reviewing their proceedings.

4. FORMER DECISION. The expression in *Trumbo* v. *The People*, 75 Ill. 561, in relation to testing the legality of the formation of a school district, by an information, in the nature of a *quo warranto*, was not intended to decide that the common law writ of *certiorari* was not a proper remedy to test such fact.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

This was a petition for a common law writ of *certiorari,* in substance following:

Petitioners allege that school district No. 7, in town 15, range 6, was organized many years ago, and was composed of sections 25, 26, 35 and 36, of which said petitioners are actual residents and tax payers; that there was constructed a good, sufficient and comfortable school house at the center of said district, which location was just towards all the inhabitants of said district; that said district was in Moultrie county; that east and adjoining said school district, in Douglas county, was school district No. 7, in town 15, range 7, composed of sections 29, 30, 31 and 32, of which the remainder of said petitioners are actual residents and tax payers; that this district was, also, organized many years since, and a good, sufficient and comfortable school house constructed at the center of this district; that on or about April 3, 1876, certain of the inhabitants of the two school districts above mentioned became desirous of consolidating the same into one district, and, to accomplish this purpose, a petition was circulated in each of the said districts, and addressed to the trustees of schools of town 15, range 6, in Moultrie county, asking

said districts to be united under the name of 'Union District No. 7, in town No. 15, range 6, in Moultrie county, and town No. 15, range 7, in Douglas county, Illinois.'

Petitioners charge that the said board of trustees of town 15, range 6, in Moultrie county, took action solely on the petition to them coming from district No. 7, in town 15, range 7, and took no action upon the petition coming from district No. 7, in town 15, range 6, and that this fact appears from the records of said board of trustees of town 15, range 6, in Moultrie county; that these trustees failed to file such a transcript of their said proceedings in the county clerk's office as required by law to be so filed.

Petitioners further charge that said last named trustees possessed no authority of law to receive or consider a petition coming to them from a foreign township and county.

Petitioners aver that, by virtue of the statute, the various boards of trustees of schools in this State are created bodies corporate in law, and are required to appoint a clerk, and keep a full record of all their proceedings, in their record book, so that all their acts and doings as such trustees must appear upon their said record so required to be kept; that they possess no authority of law to act upon or consider any matter or thing outside and beyond the limits of their said township; that, by virtue of said statute, said clerk of said board of trustees is required, within ten days after any changes are made in school district boundaries, whether by division, consolidation or otherwise, to make a full record thereof in the record book of said board of trustees, and make out and certify a correct copy of such record, and file the same, together with a new map of the township, and also a list of the tax payers resident in the newly arranged district, in the office of the county clerk of the county; and that the filing of said copy of said record, list of tax payers and map of the newly arranged district, in said county clerk's office, within said period of ten days, is by law made essential to the validity of any such change or alteration in school district boundaries.

Petitioners aver that said clerk of said board of trustees of town 15, range 6, in Moultrie county, wholly failed to keep and observe the above positive requirements of said statute, and utterly failed and neglected to file a copy of said record of the proceedings of said board of trustees, said new map and list of tax payers in the county clerk's office, in said Moultrie county, within said period of ten days, or at any other time, so that said pretended attempt at uniting said school districts became wholly inoperative and void.

Petitioners deny that any order or resolution was passed by said trustees consolidating the said school districts, or that the trustees of town 15, range 7, in Douglas county, passed any order or resolution concerning the same in any way, or that the clerk of said last named board filed in the office of the county clerk of Douglas county a copy of the proceedings of said board, or new map of the said pretended to be newly arranged school district, or list of tax payers resident in such pretended newly arranged district, as required by law to be so filed.

Petitioners aver that, as said proceedings were for the purpose of forming a school district, and of parts of two townships, and that as the statute requires the concurrence, on action, of both boards of trustees, such concurrent action can only be made manifest by resolutions, duly passed by each of said boards of trustees, and transmitted from the one to the other, and proper and full record made thereof.

Petitioners deny that any such order or resolution was considered or passed by either of said boards of trustees, or so transmitted from the one to the other, as above mentioned. They further state that, as the requirements of the statute are mandatory, in proceedings instituted for the purpose of consolidating school districts, that a copy of the record and action of the trustees, and an accurate, new map of the newly arranged district be made out, and a correct list of the tax payers resident in said district be filed, within a certain prescribed period of time, in the county clerk's office, it therefore becomes neces-

sary, in this proceeding, in order to have a full and complete record of such attempted consolidation of said school districts, that transcripts of the records of each of said boards of trustees, and also true copies of all the papers and documents that appear on file or record in the county clerk's office of both the counties of Moultrie and Douglas, be certified and transmitted into said court for inspection in this cause; that all the documents aforesaid are necessary to be inspected by said court, in order to determine the validity of such consolidation.

Petitioners make each of said boards of trustees, and George Hetherington, county clerk of Moultrie county, and Daniel O. Root, county clerk of Douglas county, Illinois, parties defendant in this proceeding.

Petitioners further charge that the entire proceedings, in attempting to consolidate said two school districts, are irregular, illegal, and result in great damage and injustice to them, and to a large number of the inhabitants of said two school districts.

Petitioners state that they are not advised that the law provides an appeal or other process by which the records and proceedings aforesaid may be brought into court for inspection, save by the writ of *certiorari.*

Petitioners pray for the issuance of a common law writ, or writs, of *certiorari*, in due form of law, directed to each of said boards of trustees, George Hetherington, county clerk of Moultrie county, and Daniel O. Root, county clerk of Douglas county, commanding them, and each of them, respectively, to certify and bring into said court a full, true and perfect transcript of all records, papers, documents or files connected with or relating to the said attempted consolidation of the two school districts, as above set forth, upon the first day of the next term of court, to be held in Sullivan, in said Moultrie county, upon the third Monday of November, A. D. 1876, that said court may inspect said record and proceedings, and, if found irregular, that the same may be set aside, etc.

The following is a copy of the writ of *certiorari:*

"STATE OF ILLINOIS, ⎰ ss.          *In the Circuit Court,*
   Moultrie County.  ⎱          *to the November Term,* 1876.

"*The People of the State of Illinois to the Trustees of Schools of Township* 15, *Range* 6, *and the Trustees of Schools of Township* 15, *Range* 7, *George Hetherington, County Clerk of Moultrie County, and Daniel O. Root, County Clerk of Douglas County—Greeting:*

"WHEREAS, It has been represented to the Honorable C. B. Smith, judge of the 16th judicial circuit of the State of Illinois, and sole presiding judge of the circuit court of Moultrie county, in the State aforesaid, by affidavit and the petition of Joel J. Miller, Levi Cook, Daniel D. Otto, Jacob H. Zook, Daniel J. Beachey and Adam Zook, of the county of Moultrie, and John T. Lee, Moses Yoder, Joseph R. Kirby and Lucas Stabler, of the county of Douglas, exhibited before the said judge, at his chambers, upon the 20th day of September, A. D. 1876, in and by which said petition it is alleged that certain errors and manifest irregularities have intervened in certain proceedings of the trustees aforesaid, in and about the consolidation of school district No. 7, in township 15, range 6, in said Moultrie county, with school district No. 7, in township 15, range 7, in said Douglas county; and the said judge, upon inspection of the said petition, made an order upon the said petition, directing the issuance of a writ of *certiorari,* as at common law, against the defendants therein named, in pursuance of the prayer of said petition, for the re-examination of the proceedings of the parties aforesaid in connection with the consolidation of the school districts aforesaid: We, therefore, command you, the· said trustees of schools of township 15, range 6, and you, the said trustees of schools of township 15, range 7, that you, and each of you, respectively, do certify and bring the record of your proceedings in, about or concerning the consolidation of the school districts aforesaid; and that you, the said George Hetherington, county clerk as aforesaid, and you, the said Daniel O. Root, county clerk

as aforesaid, and each of you, respectively, certify and bring all records or papers being or remaining in your offices, respectively, connected with or concerning the consolidation of the school districts aforesaid; and that you, the said trustees of schools, and each of you, respectively, and you, the said Hetherington, clerk as aforesaid, and said Root, clerk as aforesaid, and each and all of you, bring and produce the said records, papers and files aforesaid, into our said court, on the first day of the next term thereof, to be holden at the court house in the city of Sullivan, in the said county of Moultrie, on the third Monday in the month of November, A. D. 1876, next hereafter, and to do and receive what the court shall order in connection therewith.

"WITNESS: J. H. Waggoner, clerk of said court, and the seal thereof, at Sullivan, in said Moultrie county, this 25th day of September, A. D. 1876.

"[SEAL.]                    J. H. WAGGONER, *Clerk.*
"*To the Sheriff of Moultrie County, to execute.*"

Mr. ANTHONY THORNTON, and Messrs. D. T. & D. S. MCINTYRE, for the plaintiffs in error.

Messrs. CREA & EWING, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for a common law writ of *certiorari*, to bring before the circuit court the record of the proceedings of the trustees of schools, in order to test the legality of the action of the trustees in uniting certain school districts named in the petition. At the term of court at which the writ was returnable the defendants appeared, and, upon motion, the court quashed the writ and dismissed the suit. This decision is assigned for error.

It is not claimed that the writ or proceedings are informal, but the decision of the circuit court is attempted to be sustained upon the ground that the proper remedy was not by

common law writ of *certiorari,* but by information, in the nature of a *quo warranto.*

It is true, as suggested by counsel for the defendants in error, that, upon a hearing in a proceeding of this character, evidence other than the record of the inferior tribunal can not be heard or considered, but that fact did not deprive the court of jurisdiction to determine this case. There may, too, be cases where the action of the trustees of schools might be illegal, which could not be reached in a proceeding of this character—where, for instance, it was necessary to resort to evidence outside the record to show the illegality of the action; but such is not this case.

The alleged illegal action of the trustees, here, appears upon the face of the proceedings of the board, which the court could determine by an inspection of the record containing the action of the trustees. The legislature has made no provision for an appeal from the decision of trustees of schools, for the purpose of reviewing their action, where they have created new districts, or consolidated two or more old districts into a new one; hence arises the necessity for the exercise of the common law writ of *certiorari.*

This court has held, in a number of cases, that the common law writ of *certiorari* may issue to all inferior tribunals and jurisdictions, in cases where they exceed their jurisdiction, and in cases where they proceed illegally, and there is no appeal or other mode of directly reviewing their proceedings. *Doolittle* v. *Galena and Chicago Union Railroad Co.* 14 Ill. 381; *Commissioners, etc.* v. *Supervisor of Carthage,* 27 id. 140; *Commissioner* v. *Harper,* 38 id. 103.

The rule adopted in the cases cited is in harmony with the law as settled in England, and in this country. Dillon on Municipal Corporations, sec. 739, says: "In this country, the rule has been very generally adopted by the courts, where a new jurisdiction is created by statute, and the inferior court, board, tribunal or officer exercising it proceeds in a summary manner, or in a course different from the common law, that

the circuit or district court of the State, or other tribunal exercising general, original, common law jurisdiction, has, in the absence of a specific remedy being given, an inherent authority to revise the proceedings of such inferior jurisdiction, by *certiorari.*"

We have, however, been referred by defendants in error to *Trumbo* v. *The People*, 75 Ill. 561, as an authority sustaining their position. Some expressions may have been used, in deciding that case, from which it might be inferred that the proper mode to test the legality of the formation of a school district was by information in the nature of a *quo warranto*, but the question, whether the legality of the action of trustees of schools could be tested by the common law writ of *certiorari*, was not before the court, and was not decided. The real question in the case cited was, whether the illegality in the formation of a school district could be availed of as a defense, on an application for judgment against delinquent lands, in the collection of a school tax levied by the school district. What was, therefore, said in that case can have no bearing here.

The common law writ of *certiorari* was the appropriate remedy to bring before the circuit court, for review, the proceedings of the trustees of schools in uniting the school districts named in the petition, and we are of opinion it was error to quash the writ and dismiss the suit.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*