THE TRUSTEES OF SCHOOLS

*v.*

PARIS SHEPHERD *et al.*

*Filed at Springfield November 2, 1891.*

1. CERTIORARI—*when the remedy—appeal.* Proceedings of an inferior tribunal can not be brought before the circuit court for review upon *certiorari,* where the right of review exists by appeal. If the writ is improvidently issued it should be dismissed.

2. An appeal is given by statute to the county superintendent of schools from the action of the trustees of schools in redistricting their township, and therefore the proceedings of the board of trustees in that regard can not be reviewed by *certiorari.*

3. SCHOOL TRUSTEES—*quashing record of proceedings—taxing costs.* On quashing the record of the proceedings of a board of school trustees in redistricting their township, it is error to render judgment for costs against the clerk of that board.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. L. RAY, and Mr. W. B. WEBBER, for the appellants.

Mr. J. O. CUNNINGHAM, and Messrs. GERE & PHILBRICK, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a common law writ of *certiorari*, issued by the circuit court of Champaign county, to bring before it for review the record of the trustees of schools of township 19, north, range 9, east of the third principal meridian, in that county, redistricting the township. The circuit court rendered judgment quashing the record, and that the costs be taxed against P. Richards, the clerk of the board of trustees.

The rule is, proceedings of an inferior tribunal can not be brought before the circuit court for review upon writ of *certiorari*, where the right of review of the proceedings upon appeal exists, and if a writ be improvidently issued in such case, it should be dismissed. *Doolittle* v. *Galena and Chicago Union Railroad Co.* 14 Ill. 381; *Chicago and Rock Island Railroad Co.* v. *Whipple*, 22 id. 105; *Chicago and Rock Island Railroad Co.* v. *Fell*, 22 id. 333; *Naconlin* v. *Lowry*, 49 N. J. L. 391. There was here such right of review by an appeal to the superintendent of the schools of the county. (School law of 1889, secs. 54, 55, art. 3; Laws of 1889, p. 280.) If these petitioners did not avail of that right they have no one to blame but themselves.

There can be no reason why the clerk of the board of trustees should be taxed with the costs of this writ. His duties are purely clerical and in subordination to the direction and supervision of the board of trustees. He had nothing to do with the redistricting of the township, and was not at liberty to decline to record what he was directed to record in that respect.

The judgment is reversed.

*Judgment reversed.*