[No. 572.   Decided January 19, 1893.]

W. ABBOTT LEWIS, *Respondent*, v. HARRY GILBERT,
*Appellant*.

CERTIORARI — REFUSAL TO VACATE JUDGMENT.

As an order refusing to vacate a judgment is appealable, *certiorari* will not lie for the purpose of having the record brought to the supreme court for review.

*Original Application for Certiorari.*

*Turner, Graves & McKinstry*, for relator.

*H. M. Herman*, for respondent.

The opinion of the court was delivered by

HOYT, J.— On May 18, 1891, the plaintiff recovered a judgment against the defendant in the superior court for Spokane county. Soon after the rendition of such judgment the defendant filed a motion to vacate the same, for various reasons set out in said motion. After argument by counsel for the respective parties, the court took such motion under advisement, and on the 30th day of November, following, entered an order overruling and denying the same. Some months thereafter the defendant sued out of this court a writ of *certiorari* to bring the record here for review, and seeks thereby to have said judgment vacated and set aside.

The first question presented for our decision is, as to whether or not such defendant had a remedy by appeal. It is conceded that if such remedy was available to him *certiorari* will not lie. The ground upon which it is claimed by the defendant that he should be allowed relief by way of such writ is, that the court held his motion to vacate the judgment until more than six months had elapsed after the date

of its rendition, and that by reason of such lapse of time no appeal from such judgment would lie. If defendant could have no relief against an order, improperly refusing to vacate the judgment, made by the superior court, there would be much force in this contention. But even if such were the fact, it might well be questioned whether or not, in the light of the fact that for the full statutory time the defendant could have sought relief against the judgment by appeal and neglected to avail himself of this right, he could, after the expiration of such time, get relief by virtue of the writ of *certiorari*. However, we are not called upon to decide as to this last question. From the order refusing to vacate the judgment an appeal could have been prosecuted to this court. See *Northern Pacific R. R. Co. v. Black*, 3 Wash. 327 (28 Pac. Rep. 538); *Myers v. Landrum*, 4 Wash. 762 (31 Pac. Rep. 33). And such being the case, it appears to us that he had an adequate remedy by appeal, and for that reason cannot prosecute this writ. All the grounds upon which he now seeks to have the judgment set aside could have been presented to the lower court upon such motion, and a review of its decision by this court would have served every purpose that is sought to be accomplished by this writ. Upon an appeal from the decision upon said motion, this court would have been called upon to determine as to whether or not there was sufficient reason to justify the court in setting aside the judgment. And that is the very question which we would be called upon to decide under this writ. Defendant could, therefore, by having prosecuted his appeal from the order denying said motion, have entitled himself to exactly the same measure of relief that he could upon a determination of the questions raised by this writ upon their merits. The remedy by appeal was therefore available to defendant, and fully adequate to protect his rights.

It follows that he was not entitled to have the record

brought here by *certiorari*, and that the writ must be dismissed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.