7    27
18   510

[No. 885.  Decided July 12, 1893.]

### WALTER GREGORY, *Appellant*, v. B. H. DIXON, *Respondent*.

CERTIORARI—WHEN DOES NOT LIE—DISMISSAL AFTER ISSUANCE OF WRIT.

Where a person aggrieved by the action of a county school superintendent in establishing a new school district fails to appeal to the board of county commissioners, as provided in §784, Gen. Stat., he cannot invoke the remedy of *certiorari* to review the proceedings whereby such new district was established.

Although a writ of *certiorari* may have been issued, it may be dismissed without a hearing when, in the opinion of the court, it was improvidently issued.

*Appeal from Superior Court, Snohomish County.*

*Whitney & Frame*, for appellant.

*Hawks, Heffner & Allen*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent, who was the county superintendent of schools of Snohomish county, by virtue of the power and authority vested in him by § 784 of the General Statutes, made an order establishing a new school district in said county, known as school district No. 66, and duly certified his proceedings in that matter to the county commissioners of said county. The appellant, conceiving himself injuriously affected by the action of the respondent, applied to the superior court of the county for a writ of *certiorari* to review the proceedings complained of, alleging, in substance, that the respondent acted therein arbitrarily, wrongfully and without jurisdiction, and that he had no appeal or other adequate remedy save that of *certiorari*. The writ prayed for was issued, but was subsequently quashed on motion of the respondent.

The section of the statute above referred to provides that if any person affected by the formation of a new school district shall feel aggrieved by the action of the county superintendent he may, within twenty days after the action complained of, appeal to the board of county commissioners of his county, in the manner therein prescribed; and that the county commissioners shall, at their next regular meeting, hear and determine said appeal, and shall have power to summon witnesses, and their action shall be final. The appellant failed and neglected to avail himself of this plain provision of the statute, and must, therefore, suffer the consequences of such failure. The mere fact that it is now too late to appeal to the commissioners can give him no right to invoke the remedy of *certiorari*. It is a general rule that *certiorari* will not lie to review the proceedings of inferior courts or officers where a remedy by appeal, writ of error, or other mode of review, is given by statute. *Lewis v. Gilbert*, 5 Wash. 534 ( 32 Pac. Rep. 459); 3 Am. & Eng. Ency. of Law, p. 64, and cases cited; *Trustees of Schools v. Shepherd*, 139 Ill. 114 (28 N. E. Rep. 1073).

In the case last cited the question was presented whether the record of the proceedings of the school trustees in redistricting the township could be reviewed by writ of *certiorari* in the circuit court when the statute provided for an appeal in such cases to the county superintendent of schools, and the court held that it could not. That case also sustains the doctrine announced in many other cases that might be cited, that even where the writ has issued, it may be dismissed without a hearing when, in the opinion of the court, it was improvidently issued.

But it is argued by the learned counsel for the appellant that inasmuch as the superior court had jurisdiction to issue the writ, and inasmuch as personal service of the writ was had on the respondent, the court had therefore no right to dismiss the proceeding for alleged want of jurisdiction.

Jurisdiction has been defined to be the power to hear and determine a cause or matter in controversy. 2 Bouvier's Law Dict.; Anderson's Law Dict., title, "Jurisdiction." While there can be no doubt that the superior courts of this state have power to issue writs of *certiorari* generally, yet it does not follow that they have authority to issue such writs and thereby review the proceedings of inferior tribunals in all cases. If it be shown in any given case that the party complaining has no legal cause for resorting to the remedy of *certiorari*, it is then the duty of the court to refuse the writ, or to dismiss it if it has been already issued.

We think the court committed no error in dismissing the writ in this instance, and the judgment is, therefore, affirmed.

DUNBAR, C. J., and SCOTT, STILES and HOYT, JJ., concur.