HARRY W. WRIGHT

*v.*

THE HIGHWAY COMMISSIONERS OF THE TOWN OF CARROLLTON.

*Filed at Springfield April 2, 1894.*

1. CERTIORARI AT COMMON LAW—*when the writ lies.* Proceedings of an inferior tribunal can not be brought before the circuit court for review upon writ of *certiorari* when this right of review exists upon appeal, and if a writ be improvidently issued in such case it should be dismissed.

2. While, by the adoption of the common law, we have adopted the common law remedy by *certiorari*, the law is, that such writ will lie only where no appeal or other mode of directly reviewing the proceeding of the inferior tribunal is provided by law.

3. HIGHWAYS—*power of supervisors, on appeal.* Any person interested in the decision of the commissioners of highways in laying out or refusing to lay out a highway, or in the verdict of the jury in assessing the damages, is given the right to an appeal to three supervisors, before whom the trial is to be *de novo.* This applies to appeals from the order of commissioners of highways in and about the laying out of roads for private and public use, under the provisions of section 54, chapter 121, of the Revised Statutes.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. DOOLITTLE & PAINTER, for the plaintiff in error.

Mr. JAMES R. WARD, and Mr. FRANK A. WHITESIDE, for the defendants in error.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a petition for a common law writ of *certiorari*, in the circuit court of Greene county, to review the action of the highway commissioners of the town of Carrollton, in said county, in ordering the laying out and location of a road for private and public use, under the provisions of section 54,

chapter 121, of the Revised Statutes, (2 Starr & Curtis, 2153,) and to set the same aside.

No question arises as to the jurisdiction of the highway commissioners, but the objections to the validity of their action in laying out the road relate to errors intervening in the proceedings. The objections are: First, the commissioners having failed to agree with the owners of land over which the road passed, as to the damages such owners would be entitled to by reason of the location of the road, made a certificate, in accordance with section 41 of the act, (2 Starr & Curtis, 2148,) and delivered the same to a justice of the peace, for the assessment of damages, by a jury, as prescribed by that section, and in such certificate failed to specify the width of the road proposed to be located; second, that the commissioners failed to file the assessment of damages, as required by section 49 of said act; and third, the commissioners, in their final order, did not provide for the payment of the damages by the town of Carrollton, when the jury found that only one-half of the damages assessed to the owners, Wright & Wright, would not be an unreasonable burthen on the petitioners for the road.

While we think that the record sufficiently shows these objections untenable, we prefer to place the decision upon other grounds. In *Trustees of Schools* v. *Shepherd et al.* 139 Ill. 114, we said: "The rule is, proceedings of an inferior tribunal can not be brought before the circuit court for review upon writ of *certiorari* when the right of review of the proceedings upon appeal exists, and if a writ be improvidently issued in such case it should be dismissed," citing *Doolittle* v. *Galena and Chicago Union Railroad Co.* 14 Ill. 381; *Chicago and Rock Island Railroad Co.* v. *Whipple*, 22 id. 105; *Same* v. *Fell*, 22 id. 333; *Naconlin* v. *Lowry*, 49 N. J. L. 391. That was a case where the trustees of schools re-districted the township into school districts, and the statute allowed an appeal to the superintendent of schools of the county, and it was therefore held that *certiorari* would not lie to review the record made by

the trustees. While, by the adoption of the common law, we have adopted the common law remedy by *certiorari*, the law is, that such writ will lie only where no appeal, or other mode of directly reviewing the proceedings of the inferior tribunal, is provided by law. *Miller* v. *Trustees, etc.* 88 Ill. 26; *Ennis* v. *Ennis*, 110 id. 78; *Glennon* v. *Burton*, 144 id. 551; *Commissioners* v. *Griffin et al.* 134 id. 339.

By the 59th section of the act, (2 Starr & Curtis, 2154,) "any person interested in the decision of the commissioners in determining to or in refusing to lay out * * * any road, * * * or in the verdict of any jury in assessing damages in opening * * * any road, may appeal from such decision to three supervisors of the county," etc., and prescribes the mode of perfecting the same. The next section (60) confers the same power and authority upon the supervisors, summoned as therein provided, upon such appeal, as are by the act conferred upon the commissioners of highways, "not only in regard to the laying out * * * any road, but shall have the same power to cause a jury to be called to assess damages, whenever the state of the proceedings require it, and the supervisors can not agree with the owners of the land in regard to the same." It is clearly contemplated that the proceeding, on appeal, shall be *de novo*, the supervisors exercising all the powers, and charged with the duties, enjoined by law upon the commissioners, in respect of the laying out of the road and determining the damages to be paid. It is clear that a remedy is provided by law where the action of the commissioners would not be final, and where, whatever errors they had committed, if any, could be corrected. To this tribunal appellants were committed by law, and having failed to avail themselves of the remedy provided, can not now complain.

The writ of *certiorari* having issued in a case not authorized by law, was properly dismissed by the court, and its order will be affirmed.

*Order affirmed.*