·[No. 1908.  Decided November 8, 1895.]

THE STATE OF WASHINGTON, *on the Relation of John M. Reser,* v. THE SUPERIOR COURT OF WALLA WALLA COUNTY.

DISCHARGE OF ADMINISTRATOR — SETTING ASIDE ORDER — CERTIORARI.

A conditional order of the court discharging an administrator upon his final accounting, which has never been made absolute, may be set aside by the court at any time.

The action of the court in setting aside a conditional order for the discharge of an administrator is a matter reviewable on appeal, and affords no ground for the issuance of a writ of certiorari for review of the proceedings.

*Original Application for Certiorari.*          。

*Thomas H. Brents,* and *Wellington Clark,* for relator. *J. W. Brooks,* for respondent.

The opinion of the court was delivered by

·· SCOTT, J.—This matter is before us upon the return of the respondent to a writ of *certiorari* heretofore issued.  The relator had been appointed by the respondent as administrator of the estate of one Winnie Tanksley, and filed his final account as such administrator in the month of May, 1894, whereupon he petitioned for his discharge upon his making a distribution of said estate.

A hearing was had on June 20, 1894, and an order was made allowing the account and directing the distribution of the estate.  On January 31st, following, a further and supplemental order was made, directing that relator be discharged as administrator of the estate of said deceased upon his obtaining from the heirs, and filing with the clerk of the court, receipts

for their respective shares of the estate under the order of distribution.

On February 23d following, one J. M. Turner filed a petition alleging several inaccuracies in the final account, and a failure upon the part of the administrator to distribute the estate as required, and asked that such final account be set aside.   To this petition relator filed objections, which were sustained by the court, and the petition was denied.   On June 1, 1895, said Turner filed another petition, including therein the matters contained in the former petition, and setting forth additional grounds, and again asked that the final account of the administrator be set aside, and for other relief, to the end that the relator might be called upon to account for certain sums which it was alleged he had failed to distribute, etc.   This petition was also objected to by the relator.   The objections were overruled and the court set aside its previous orders relating to the settlement of the account, etc.; and made an order setting another time for hearing. Whereupon application was made to this court for the writ aforesaid.

A materially different case is presented to us by the return of the respondent from that shown by the relator at the time the writ was directed to issue.   Upon the preliminary showing it was made to appear that the relator had obtained receipts from the heirs for their respective portions of the estate, and that the matter had been finally settled and determined long prior to the proceeding instituted by Turner, upon which the order allowing the final account was set aside.   It now appears, however, that the receipts of all the heirs had not been filed, and this is substantially conceded by the relator.   Furthermore, the conditional order discharging the relator as such admin-

istrator had never been made absolute. Such being the case, the court still had jurisdiction of the proceedings.

It is true, as the relator contends, that he had nothing further to do to entitle him to a discharge under the first order than to distribute the estate and file the proper vouchers, and he contends that this order had the effect of ending the court's authority to proceed in the matter further.

In relation to the second petition filed by Turner relator makes in his brief a statement as follows:

"On June 1, 1895, over a year after the filing of the final account and the making of the order in which the aforesaid clerical errors occurred, and nearly a year after the order of distribution had been made and complied with by the turning over to the distributees of their respective portions and long after the entry of the order discharging relator as administrator and releasing his bondsmen, under which nothing more remained to be done than the filing of the receipts, and after a part at least of these had been filed, Turner filed another petition, containing substantially the same allegations as the previous one, with some few additions," etc.

If we were to accept relator's contention, that the first order would become final upon his filing the receipts without any further action of the court in the premises, it is apparent that the order could only be complied with by obtaining receipts from all of the distributees and filing them as specified. The failure to file one of them would have been as fatal to his right to a discharge as would have been the failure to file all of them. But we cannot accede to his primary contention. The first order was only a conditional one, and, upon filing the receipts of the heirs for their respective portions of the estate, further action upon the

part of the court was required to conclude the matter, and that was that the order should be made absolute. This is an important step in the administration of an estate, and a conditional order of the kind mentioned should not be treated as an absolute order upon the filing of something which the administrator alleges or claims to be receipts from the parties entitled to the property.   Upon the filing of such purported receipts, and an application for a final discharge, the court should direct a hearing, and a final order should be granted only upon a satisfactory showing to the court that the estate had in fact been fully distributed, in which showing the distributees should have an opportunity to be heard in order that their rights might be protected and concluded.

It appearing that the administrator has not been discharged, it follows that the court has jurisdiction of the proceedings, and could set aside its previous order.   As to whether there were sufficient grounds to sustain such action would be a matter reviewable on appeal.   Consequently, there was no ground for the issuance of a writ of certiorari to review the same, and this proceeding is dismissed at the cost of the relator.

GORDON and DUNBAR, JJ., concur.

HOYT, C. J., dissents.