[No. 2730. Decided February 3, 1898.]

G. FALSETTO, *Respondent*, v. THE CITY OF SEATTLE,
*Appellant.*

WRIT OF REVIEW — TO MUNICIPAL COURT — REMEDY BY APPEAL.

There being a remedy by appeal to the superior court, from
the judgments and orders of a municipal court, provided by
statute, the superior court has no jurisdiction to grant a writ
of review for the purpose of bringing before it the proceedings
of the municipal court.

Appeal from Superior Court, King County.—Hon.
ORANGE JACOBS, Judge. Reversed.

*John K. Brown, F. B. Tipton*, and *Z. B. Rawson*, for
appellant.

The opinion of the court was delivered by

GORDON, J.—The respondent was charged in the muni-
cipal court of the city of Seattle with violating section one
of ordinance No. 3529 of said city, entitled, "An ordinance
to define who are disorderly persons, to provide a punish-
ment therefor, and repealing ordinance No. 1818 and or-
dinance No. 2360." Section two of the ordinance is as fol-
lows:

"Every person enumerated and described in section one
of this ordinance is a disorderly person and shall be deemed
guilty of a misdemeanor, and upon conviction shall be
punished by a fine not exceeding $500, *or* imprisonment in
the city jail for any time not exceeding one year."

Respondent was convicted and sentenced to thirty days
imprisonment in the city jail, *and* to pay a fine of $75.
Thereafter he made application to the superior court of
King county for a writ of review. The writ issued and was
directed to the judge of the municipal court. The appellant

moved to quash the writ upon several grounds, among others that the petitioner (respondent) had a remedy by appeal. The motion to quash was overruled and a judgment entered discharging the respondent from custody and taxing the costs of his prosecution to the appellant. The present appeal is from that judgment. We have been furnished with no brief on the part of the respondent nor has he made any appearance in this court. We think the superior court erred in overruling the motion to quash. Section 11, ch. 64, Laws 1891, p. 111 (Bal. Code, § 753), provides for an appeal to the superior court from the judgment, order, or decision of the municipal court. Section 4, Session Laws 1895, p. 115 (Bal. Code, § 5741) is as follows:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

"It is a general rule that *certiorari* will not lie to review the proceedings of inferior courts or officers where a remedy by appeal, writ of error, or other mode of review, is given by statute." *Gregory v. Dixon*, 7 Wash. 27 (34 Pac. 212).

See, also, *State ex rel. Reser v. Superior Court*, 13 Wash. 25 (42 Pac. 630). Respondent's remedy was by appeal and not by writ of review, and on the authority of the above cited cases the judgment must be reversed and the cause remanded with directions to the superior court to quash the writ.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.