THE STATE EX REL. GRAFF and others, Appellants, vs. STEELE and others, Respondents.

*March 22 — April 6, 1900.*

*School districts: Alteration by town board: Notice: Jurisdiction.*

Under sec. 418, Stats. 1898 — providing that "whenever the town board shall contemplate the alteration of a school district they shall give" notice to the clerks of the districts affected — the board acquires no jurisdiction to make the change unless the giving of such notice be authorized at a meeting of the board duly held.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge.   *Reversed.*

This is an action of *certiorari*, brought by the relators, who

are electors and taxpayers of school district No. 3 in the town of Pewaukee, Waukesha county, Wisconsin, against the supervisors of said town, the object of the action being to reverse the action of said supervisors in creating a new school district in said town out of portions of school districts Nos. 1, 2, and 3. The relators claimed that the action of the board in creating said new school district was without jurisdiction, because the proper notice required by sec. 418, Stats. 1898, was not given. The defendants made return to the writ, wherein it appears that the petition for the formation of said new school district was presented to H. Cooper, who was then chairman of the town board of the town of Pewaukee, on the 23d day of May, 1898; that the board never met and acted upon the petition, but that Cooper made an order, signed by himself, fixing time and place for the hearing by the board of said petition, and directing notice thereof to be given to the clerks of the school districts from which the territory of the new district was proposed to be taken; that notice was given to said clerks according to the order; and that a meeting of the town board was held according to the notice, and the proposed new district was established. Upon the hearing of the case upon the merits, the action of the town board was adjudged regular and affirmed, and from that judgment the relators appeal.

For the appellants there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

*C. E. Armin*, for the respondents.

WINSLOW, J.    The statute requires (sec. 418, Stats. 1898) that: "Whenever the town board shall contemplate an alteration of a school district *they* shall give at least five days, notice in writing to the clerk of the district or districts to be affected thereby, stating in such notice when and where they will be present to decide upon such proposed alteration, and such clerk or clerks shall immediately notify the

other members of the board." It was held in *State ex rel. Foster v. Graham*, 60 Wis. 395, in accordance with plain reason, that the giving of this notice is a jurisdictional prerequisite to the making of the order, and that it could not be waived.

The statute requires in no uncertain terms that the board shall give the notice. Upon familiar principles the board can only act at a meeting duly held. Individual action will not suffice. *McNolty v. School Directors*, 102 Wis. 261. In the present case the board never met, and never authorized the giving of the notice; hence they had no jurisdiction to make the order establishing the new district. The defect being jurisdictional, the action may be reviewed by the courts. *State ex rel. Foster v. Graham, supra.*

*By the Court.*— Judgment reversed, and action remanded with directions to reverse the action of the town board.