THE STATE EX REL. BIDGOOD, Appellant, vs. THE SUPER-
VISORS OF THE TOWN OF CLIFTON, Respondents.

*January 11—January 28, 1902.*

Certiorari: *Practice: To whom writ should be directed: Motion to*
*supersede writ: Schools and school districts: Changing bound-*
*aries: Jurisdiction: Presumptions: Waiver: Appeals to state*
*superintendent: Adequate remedy.*

1. A writ of *certiorari* commanding the supervisors of a town to
   certify and return to the circuit court all files, papers, entries
   and orders used in making an order detaching lands from cer-
   tain school districts and creating new districts, is not misdi-
   rected, in that it runs to the supervisors of the town instead of
   to the town clerk.
2. A motion to supersede a writ of *certiorari* is, in effect, a de-
   murrer to the relation, and admits the facts therein alleged.
3. A town board acquires no jurisdiction to alter a school district
   without giving to the clerks of the district affected thereby the
   notice required by sec. 418, Stats. 1898; such notice cannot be
   waived by the district officers, the giving thereof will not be
   presumed, and the order of the board, reciting that due notice
   was given, is not *prima facie* evidence of that fact.
4. Under sec. 497, Stats. 1898, providing for appeals to the state su-
   perintendent from the decision of a town board in altering a
   school district, the state superintendent cannot review such ac-
   tion of the town board where it was without jurisdiction be-
   cause of failure to give the notices required by sec. 418.
5. In such case it is error to supersede a writ of *certiorari* on the
   ground that the relator has an adequate remedy by statutory
   appeal to the state superintendent.

APPEAL from an order and judgment of the circuit court
for Grant county: GEO. CLEMENTSON, Circuit Judge. *Re-*
*versed.*

For the appellant there was a brief by *Clark & Taylor,*
and oral argument by *S. H. Taylor.*

*Geo. B. Clementson,* for the respondents.

State ex rel. Bidgood v. Clifton, 113 Wis. 107.

CASSODAY, C. J.   This is an appeal from a judgment superseding and dismissing a writ of *certiorari* issued by the trial court to the supervisors of the town of *Clifton,* in Grant county, commanding them to certify and return to that court all the files, papers, entries, and orders filed or used in making or attempting to make an order to detach certain tracts of land from school districts Nos. 2, 3, and 8 of said town, and out of the lands so detached to create two new districts, to be known as school districts Nos. 3 and 9.

It is claimed by the defendants that the writ of *certiorari* was misdirected, in that it runs to the supervisors of the town, instead of the town clerk.   But this court has repeatedly held, in effect, that service upon the town clerk would have been a nullity, since "a town board is a permanent body, and when its acts are sought to be reviewed on *certiorari* the writ should be directed to and served on its members as such board."   *State ex rel. Graff v. Everett,* 103 Wis. 269; *State ex rel. Clancy v. McGovern,* 100 Wis. 666; *State ex rel. Tibbits v. Milwaukee,* 86 Wis. 376.

The verified petition for the writ and the writ allege that the supervisors were without jurisdiction to so alter the school districts, for several reasons, among which are that they had failed "to give the proper notice to the freeholders and electors to be affected by the proposed alteration," and because they had failed "to give notice as required by law to the clerks of the several districts affected by the contemplated change," and because "the several clerks of the districts proposed to be changed" had failed "to give notice to the other members of their respective boards, as required by law," and because the town board had failed "to meet and decide" concerning the alteration of such districts pursuant to notice.   The motion of the defendants to supersede the writ must be regarded, in effect, as a demurrer to the relation; and hence as admitting the facts therein alleged.   *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4, 6; *State ex*

*rel. Tibbits v. Milwaukee,* 86 Wis. 376; *State ex rel. Ol-linger v. Manitowoc,* 92 Wis. 546, 549.

The question recurs whether the failure to give any of such notices prevented the supervisors of the town from acquiring jurisdiction. The statute provides that:

"Whenever the town board shall contemplate an alteration of a district they shall give at least five days' notice in writing to the clerk of the district or districts to be affected thereby, stating in such notice when and where they will be present to decide upon such proposed alteration; and such clerk or clerks shall immediately notify the other members of the board." Sec. 418, Stats. 1898.

Under that statute it has been held by this court that:

"A town board has no power to alter the boundaries of a school district unless proper notice is given. The giving of such notice will not be presumed; nor is the order of the board, reciting that due notice was given, *prima facie* evidence of the fact; nor can the officers of the district waive the notice." *State ex rel. Foster v. Graham,* 60 Wis. 395.

And again, it was held that:

"The board acquires no jurisdiction to make the change unless the giving of such notice be authorized at a meeting of the board duly held." *State ex rel. Graff v. Steele,* 106 Wis. 475.

That the town board had no jurisdiction is thus determined.

The trial court did not pass upon the question of jurisdiction, but superseded and dismissed the writ upon the sole ground that the relator "had an adequate remedy by statutory appeal" to the state superintendent, under sec. 497, Stats. 1898. In support of such ruling counsel rely upon *Gregory v. Dixon,* 7 Wash. 27. In that case the writ was issued to review the action of the county superintendent of schools in establishing a new school district. The writ was quashed on the ground that the statute gave a right to review such action on appeal to the board of county commissioners.

There is nothing in the report of the case to indicate that
the county superintendent so acted without jurisdiction, ex-
cept the allegation of the appellant 'that he had acted "arbi-
trarily, wrongfully, and *without* jurisdiction." On the con-
trary, the county commissioners, under the statute of that
state, had "power to summon witnesses," and hear the case
*de novo,* and make a final determination. But the question
of his jurisdiction is nowhere discussed in the case; and there
are no facts stated indicating a want of jurisdiction. The
only discussion on the subject of jurisdiction relates to the
jurisdiction of the superior court to entertain the writ. The
case follows a decision in Illinois, where it was held, in effect,
that the writ would not be allowed "where the right of re-
view of the proceedings upon appeal exists," and that there
was in that case "such right of review by an appeal to the
superintendent of schools of the county." *Trustees of
Schools v. Shepherd,* 139 Ill. 114. To the same effect,
*Wright v. Highway Comm'rs,* 150 Ill. 138. The opinion in
*Gregory v. Dixon, supra,* also refers to 3 Am. & Eng. Ency.
of Law (1st ed.), 62–64, where it is stated, in effect, that
it "is not a writ of right, except when made so by statute, or
when issued at the instance of the sovereign power; but it
rests in the sound discretion of the court to grant or refuse
it under the circumstances of the case;" that "the record of
an inferior court or other tribunal of matters in its jurisdic-
tion cannot be disputed by other evidence, nor its findings of
fact, when supported by any competent evidence." Numer-
ous instances are there stated when the writ will and when
it will not be entertained. The important rule here appli-
cable is that "by such writ inferior judicatòries are kept
within the bounds of their jurisdiction." 4 Ency. of Pl. &
Pr. 10. So it appears that the authorities thus relied upon
are in harmony with the numerous adjudications in this
state cited by counsel for the appellant to the effect that the
writ will be entertained to review jurisdictional questions.

Some of the cases are cited above. Here, as indicated, and as in effect held by the adjudications cited, the town board had no jurisdiction to alter the school districts for want of the requisite notices. Such action of the town board being a nullity for want of jurisdiction, the state superintendent could not review the same on appeal. Such appeal would have given to the state superintendent no more authority to act in relation to such alteration of the districts than he would have had if the town board had not acted at all, and hence an appeal would not have given to the relator an adequate remedy.

*By the Court.*—The order and judgment of the circuit court are reversed, and the cause is remanded with direction to overrule the motion to supersede the writ, and for further proceedings according to law.