State ex rel. Hebert and others, Respondents, vs. Carlson, imp., Appellant.

*September 20—October 8, 1912.*

*Joint school districts: Alteration: Jurisdiction: Failure to give notice:* Certiorari: *To whom directed: Who may sue out the writ: Laches.*

1. A writ of *certiorari* to review the action taken at a joint meeting of two town boards and a village board to pass upon a petition for alteration of school district boundaries, was directed, among others, to the town clerks, to the village clerk who had acted as clerk of said joint meeting, and also to his successor in office. The former village clerk made return that he had kept a record of the meeting and had turned over all papers pertaining thereto to his successor. The successor made return of the records as within his official custody. *Held*, that the writ could not be quashed for misdirection.

2. Unless the statutes (secs. 418, 419a, Stats.: Supp. 1906) relating to notice of the meeting to pass upon a proposed alteration of a school district are complied with there is no jurisdiction to make such alteration.

3. Resident taxpayers in a school district, having children of school age, have such an interest in the matter as entitles them to invoke the remedy of *certiorari* to review a proceeding to alter such district.

4. The fact that a writ of *certiorari* to review a proceeding to alter a school district was quashed for misdirection and because the relators did not show that they had an interest entitling them to sue out the writ, does not avail to show unnecessary delay or laches on the part of relators who promptly thereafter applied for a second writ.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

This is a *certiorari* proceeding to review the action of the town boards of the towns of Unity and Brighton and the village board of the village of Unity, parts of which towns and village constituted a joint school district in Clark and Marathon counties, acting jointly, in attempting to detach from joint school district No. 1 of the towns of Unity and Brighton and the village of Unity certain territory, and in attaching part of the detached territory to joint school district No. 5 of the towns of Unity and Brighton and the balance to school district No. 3 of the town of Brighton.

The petition for the writ alleges that the relators *Charles Hebert* and *Charles Nelson* are resident freeholders and taxpayers in joint school district No. 5 and that they have children of school age attending school in the district, and that the relator *Paul Bruer* is a resident freeholder and taxpayer in school district No. 1 and that he has children of school age attending the district school. The petition alleges that the proceedings taken by the joint meeting of the town and village boards in altering the school district boundaries are void, in that no notice was given to the clerks, to any of the other officers, or to the inhabitants of the school districts affected of the proposed joint meeting, that there was no return of any notices of the meeting, that the record of the proceedings of the meeting was not properly kept, that there was no legal

petition sufficient to confer jurisdiction on the officers at the joint meeting, that the meeting was not held at the school house as the statutes require, and that the place of meeting was not designated as other than the school house on the ground of convenience, that the order of alteration was never properly executed, that the order was not filed with either of the clerks of the school districts affected by the alteration, and that the clerks have had no legal notice of the order.

The return to the writ by the respondent who was clerk of the village at the time the order was made is that he sent out notices of the meeting to each member of the several boards interested at least five days before the meeting, that upon request he acted as clerk of the meeting and kept a record of the proceedings, and that upon surrendering his office of village clerk he turned over to his successor all papers pertaining to the meeting.

The return of his successor, the present clerk of the village, showed a petition of the supervisors of the town of Brighton asking the alteration of the district, the record of the meeting showing that the petition had been read and the subject opened for discussion, that a ballot had been taken and the petition granted, and the order making the alteration signed by the members of the joint meeting. There was no record of any notices having been given or that the order issued had been acted upon and signed formally by the members.

The officers to whom the writ was directed made return to the writ, but none of them and neither of the towns nor the village of which they were the officers have appeared to oppose the granting of the relief prayed for by the relators. *A. F. Carlson,* a resident and taxpayer and a district officer of one of the districts affected, was allowed to present objections to the granting of the relief asked.

The court permitted an amendment to the petition for the writ which shows that the relator *Charles Hebert* was at all of the times mentioned the school district clerk of one of the

districts affected by the action taken at the joint meeting of the town and village boards.

One of the objections made to the granting of the relief prayed for in the petition was that the petitioners were guilty of laches which should bar them from the relief asked. This proceeding was commenced promptly after the quashing of a previous writ, which was quashed because of misdirection and for failure to show a proper interest in the relators.

The record fails to show that the members of the town and village boards were notified of the time and place of the joint meeting and that the relator *Hebert* as clerk of his school district had received notice pursuant to sec. 419*a* and sec. 418, Stats. (Supp. 1906), of the time and place of the joint meeting to act upon the proposed alteration, and, since the record wholly failed to show such notice, the court held that the joint meeting was without jurisdiction and that the attempted alteration was void.

This is an appeal from the judgment granting the prayer of the petition.

The cause was submitted for the appellant on the brief of *Regner & Ringle,* and for the respondents on that of *C. B. Edwards,* attorney, and *Kreutzer, Bird, Rosenberry & Okoneski,* of counsel.

SIEBECKER, J. It is urged that the *certiorari* proceeding should have been dismissed because the writ was not directed to the proper party. The argument is that the only person on whom the statute could be held to impose the duty of keeping the record of the proceedings of the joint meeting of the town and village boards for the alteration of this school district is the person who acted as clerk of this joint meeting when they met to act in the matter. Pursuant to sec. 2421, Stats. (Supp. 1906: Laws of 1901, ch. 146), the writ should be addressed to the clerk or clerks of the towns and villages interested in the proceeding to alter the boundaries of the dis-

trict.    The clerk of the village of Unity acted as clerk of the joint meeting of the town and village boards, and as such clerk acted as clerk at this meeting.    He had custody of the records and turned them over to his successor in office, who was a party to the writ and made return of the records as within his official custody.    This makes him a proper party and suffices to sustain the proceeding.    Hence the court properly refused to quash the writ for misdirection.

It is contended that. it appears from the return that the proceedings were irregular and void for want of notice being given as required by secs. 418 and 419 a, Stats. (Supp. 1906), to the clerks of the school districts affected by the proceedings of the joint meeting of the town and village boards in altering the boundaries of the district, because no copies of the order attempting to alter such boundaries were recorded or filed in the offices of the clerks of the districts interested, and because the required notices of the time and place of the meeting to consider the application for alteration were not served on the members of the town and village boards, which meeting is required to be held at the school house of the joint district unless some other convenient place be designated.    It is manifest that the requirements of the statutes respecting the giving of notice were not complied with, and that such omission renders the attempted proceedings and the alteration of the district void.    *State ex rel. Bidgood v. Clifton,* 113 Wis. 107, 88 N. W. 1019; *State ex rel. Stengl v. Cary,* 132 Wis. 501, 112 N. W. 428.

The trial court held that the relators, *Hebert, Nelson,* and *Bruer,* as taxpayers and residents of the old districts having children who attended school, were not sufficiently interested in the determination altering the districts to entitle them to institute the *certiorari* proceedings.    They were not made parties to the record of the proceeding attempting to alter the district.    It is apparent that the town and village board members, who attempted to make the alteration, took no step— naturally they would be averse—to test the validity of their

8]       AUGUST TERM, 1912.       589

State ex rel. Hebert v. Carlson, 150 Wis. 584.

action in a *certiorari* proceeding. Nor did the boards of the school districts interested take any step to inquire into the validity thereof. Unless, then, the resident taxpayers and parents of children of school age of the district could act in the matter it is evident they would be remediless under the facts and circumstances shown. The interest of resident electors and taxpayers in school district affairs pertaining to the creation and alteration of districts was well expressed in the opinion of this court in the case of *State ex rel. Foster v. Graham,* 60 Wis. 395, 19 N. W. 359, wherein Mr. Chief Justice COLE, in discussing the object and purpose of the notices required to be given the district clerks and the members of the school boards, states:

"In this way, presumably, information in regard to the proposed alteration will come to the knowledge of the people of the district, who can have an opportunity to express their views upon the alteration before the town boards when they meet to decide upon it. This is obviously the intent and purpose of having the notices given. The formation, alteration, and dissolution of school districts are matters which vitally concern the people, and in which they take a most lively interest."

When such interest also involves that of a taxpayer of the district, whose children of school age are affected in their school facilities, it manifestly presents a case of real and direct interest in the matter which may be seriously injured by the action of the town board. The relators as resident taxpayers of the district have shown that they have such an interest, and this entitles them to invoke the remedy of *certiorari.* Their complaint brings them within the principle declared in *State ex rel. Milwaukee Med. College v. Chittenden,* 127 Wis. 468, 107 N. W. 500, where the court declared:

"It is not an absolute essential to competency in such cases that the petitioner should be a party to the record in the proceeding sought to be reviewed, nor necessary that he should be the party wronged, as regards a proper citation being essential to jurisdiction of the subject matter."

*State ex rel. Graef v. Forest Co.* 74 Wis. 610, 43 N. W. 551, is cited, where *certiorari* to test the validity of the county board's action was sustained at the instance of a taxpayer. In the following cases *certiorari* proceedings to review the action of town boards for altering school district boundaries were instituted by residents of the districts: *State ex rel. Graff v. Steele,* 106 Wis. 475, 82 N. W. 295; *State ex rel. Bidgood v. Clifton,* 113 Wis. 107, 88 N. W. 1019; *State ex rel. Foster v. Graham,* 60 Wis. 395, 19 N. W. 359. The right to institute *certiorari* proceedings in this case seems well sustained upon principle and in practice, as shown by the foregoing adjudications. See, also, *Lutien v. Kewaunee,* 143 Wis. 242, 126 N. W. 662, 127 N. W. 942, and sec. 497, Stats. (1898), which entitles residents of the districts affected to an appeal in such a proceeding if they deem themselves aggrieved. The trial court erroneously held that the relators suffered no injury entitling them to invoke the aid of a court to test the validity of the proceedings to alter the districts. In arriving at this conclusion the court took the view that, within the holding in the cases of *State ex rel. Sullivan v. Drake,* 130 Wis. 152, 109 N. W. 982; *State ex rel. Skogstad v. Anderson,* 130 Wis. 227, 109 N. W. 981; and *State ex rel. Milwaukee Med. College v. Chittenden, supra,* an enforcement of the decision altering the district would not involve any special, immediate, and direct injury to the relators' interests. This, for the reasons stated above, cannot be sustained.

The claim that the relators were guilty of laches is not sustained. They proceeded with due diligence after notice of the attempted action by the town and village boards. The fact that the first writ was quashed does not avail to charge them with unnecessary delay in instituting 'this, the second proceeding to review the action of the boards. The trial court properly exercised its discretion in awarding the writ.

*By the Court.*—The judgment appealed from is affirmed.