GEORGE W. MILLER

*v.*

ABRAM M. PENCE *et al.*

*Filed at Ottawa January 25, 1886.*

1.  JUDGMENT—*whether void for want of jurisdiction—and who may question its validity.*   A. purchased land at a sale under execution against M., and received a sheriff's deed, when he filed a bill against B., a purchaser of the same land under another judgment and execution against M., to have the latter sale set aside as a cloud on his title, and obtained a decree to that effect.   After this, M. procured a reversal of the first named judgment, claiming that A., as an attorney in the case, bought with notice of the error in the record.   A. then procured an assignment of B.'s certificate of purchase, and took a deed thereon to himself, and B., by an arrangement with A., sued out a writ of error from the Appellate Court, and assigned errors, which A. confessed, and the decree setting aside B.'s purchase was reversed and A.'s bill dismissed:   *Held*, that A. acquired the title of M. by the sheriff's deed on B.'s certificate of purchase, and that he could not question the validity of the judgment of reversal.

2.   The judgment of the Appellate Court reversing a decree setting aside a sheriff's sale as a cloud on title, is not void for want of jurisdiction of the writ of error, as all bills to remove clouds from title do not involve a freehold.   When there is jurisdiction of the persons of the proper parties, there is at least jurisdiction to adjudge whether the particular case involves a freehold, and so whether the court has jurisdiction of the subject matter; and a mistake in respect to the jurisdiction of the court is but error, and the judgment of the court is not void.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. GEORGE W. MILLER, *pro se.*

Mr. EUGENE E. PRUSSING, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The land in controversy was originally owned by Miller. On the 5th day of December, A. D. 1877, Glass recovered a judgment by default, in the Superior Court of Cook county,

against Brahmstadt and Miller, for $963 and costs of suit. Execution was issued thereon, and levied upon the land in controversy on the same day. On the 7th day of January, A. D. 1878, the sheriff sold the land, by virtue of this levy, to Pence, and there being no redemption, he conveyed the land to Pence, by deed, on the 8th day of April, A. D. 1879. Aughinbaugh had previously, on the 26th day of September, A. D. 1877, recovered a judgment against Miller, in the Superior Court of Cook county, for $530 and costs. A *pluries* execution issued thereon was levied on the land in controversy on the 3d day of December, A. D. 1878, and on the 26th day of December, A. D. 1878, the sheriff sold the land, by virtue of this levy, to Aughinbaugh. In May, 1879, Pence filed his bill in chancery, in the Superior Court of Cook county, against Aughinbaugh, to set aside the last mentioned levy and sale as a cloud upon his title to the land in controversy, and a decree thereon was rendered in favor of Pence, as prayed in his bill, on the 17th day of October, A. D. 1879. Aughinbaugh appealed from that decree to the Appellate Court for the First District, and that court, at its March term, A. D. 1880, affirmed the decree of the Superior Court. After the sale was made by the sheriff to Pence, Miller sued out a writ of error from the Appellate Court for the First District, to the Superior Court of Cook county, on the judgment in favor of Glass and against Brahmstadt and Miller, under which that sale was made, and the Appellate Court, at its October term, A. D. 1882, reversed the judgment of the Superior Court, and remanded the cause. Pence entered into possession of the land in the summer of A. D. 1879, fenced it, built a house upon it, and placed a tenant in control under a lease of the tract, and has had the actual possession ever since. Miller brought this suit against Pence and his tenants for possession of the land, at the July term, A. D. 1884, of the Superior Court. Afterwards Pence bought Aughinbaugh's certificate of purchase, and Aughinbaugh, as a part of the

contract, agreed to sue out a writ of error from this court to the Appellate Court for the First District, upon the judgment of that court affirming the decree of the Superior Court of Cook county, in favor of Pence and against Aughinbaugh, setting aside the sale to Aughinbaugh, upon which Pence was to confess errors, all of which was done, and the decree was reversed and the bill was dismissed.   Miller was not a party to the bill filed by Pence against Aughinbaugh, and, of course, was in no way affected by the proceeding.   The sheriff conveyed to Pence by virtue of the assignment to him of the Aughinbaugh certificate of purchase.

The contention of Miller, who is the plaintiff in error here, is, that Pence was Brahmstadt's attorney before, during and after the time Glass obtained the judgment against Brahmstadt and Miller; that in that case Brahmstadt and Pence were the real plaintiff and attorney to collect this claim from Miller's property, through Glass, the nominal plaintiff, and the attorney, Garnett, who assumed to represent him, so that even if Pence bought for himself at the sheriff's sale, he is chargeable with notice, as plaintiff's attorney, of the defect in the record for which the judgment was reversed.   It is also further contended that Pence had notice in fact, at the time he purchased, of the defective condition of the record.   We are unable to say that the preponderance of the evidence sustains either of these contentions.   Pence and Garnett both testified that Garnett was the attorney of Glass in the suit, that Pence had nothing to do with obtaining the judgment, and that he did not consult with Pence about it, and the other evidence fails to disprove this.

But waiving this view of the case, we are unable to perceive why the title derived under the Aughinbaugh judgment is not conclusive against Miller.   He made no redemption from the sale under that judgment, and took no steps to procure its reversal.   The question between Pence and Aughinbaugh was simply one of priority, and did not concern him,

and he was not, for that reason, a party to the litigation between them. However irregular or improper the reversal of the judgment of the Appellate Court, on the writ of error sued out of this court, and the reversal of the decree of the Superior Court, and dismissal of the bill by that court, such action can not, in this form of proceeding, and especially by one who was not a party to the record, be questioned. In any view it was but irregular. It was not void, and an absolute nullity, as is now claimed by counsel for plaintiff in error.

Conceding that Aughinbaugh had a freehold, yet all bills to remove clouds upon titles do not involve freeholds. (See *Hutchinson* v. *Howe,* 100 Ill. 11.) And where they do not involve freeholds, the appellate jurisdiction of the Appellate Court is unquestioned. Having jurisdiction, in some cases, of bills to remove clouds from titles, it follows that in all cases of bills to remove clouds from titles, where there is jurisdiction of the person, there is, at least, jurisdiction to adjudge whether the particular case involves a freehold, and so whether the court has jurisdiction of the subject matter, and, necessarily, therefore, if the court should make a mistake and adjudge that no freehold is involved, where, in fact, freehold is involved, it would be but error, and cause for reversal on appeal or writ of error. *Bostwick et al.* v. *Skinner et al.* 80 Ill. 152.

This bill by Pence against Aughinbaugh in no way interfered with Miller's right of redemption, and it can afford him no excuse for not having made redemption.

We find no sufficient reason in the record for reversing the judgment below, and it is therefore affirmed.

*Judgment affirmed.*