GEORGE W. MILLER

*v.*

ABRAM M. PENCE *et al.*

*Filed at Ottawa November 26, 1889.*

1. RES JUDICATA—*of a second appeal.* A judgment for the defendant in an action of ejectment was affirmed by this court, after which a new trial was taken, under the statute. On the second trial the evidence of title on both sides was identically the same as on the first trial : *Held,* that the conclusions reached by this court in its prior decision must control, when the case was again brought before it.

2. PRACTICE—*directing what the verdict shall be—in ejectment.* Where the record evidence in an action of ejectment shows that the plaintiff's title was divested by a judicial sale and sheriff's deed, there will be no error in directing the jury to find for the defendant. But if there is evidence tending to charge the purchaser at the sheriff's sale with notice of error in the judgment, for which it was afterward reversed, it will be improper for the court to instruct the jury to find for the defendant.

3. EVIDENCE—*in ejectment—offer to redeem after the statutory limit.* In ejectment by the former owner of land, against the purchaser at sheriff's sale under execution against the plaintiff, the latter offered

evidence of a tender to the sheriff of a certain sum to redeem the property from the sale, several years after his right to redeem had expired, and long after the sheriff's deed had been made, which the court refused to admit: *Held,* that the evidence offered was clearly immaterial.

4. SAME—*to establish a double defense.* Where the defendant in ejectment claims title under two different sales under executions and sheriff's deeds, one of which is valid and in no way impeached, the exclusion of evidence tending to impeach the other sale is not an error prejudicial to the plaintiff. The title under one of the judgments being sufficient to defeat the plaintiff's suit, it could not avail the defendant to show the invalidity of the title under the other judgment.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. G. W. MILLER, *pro se:*

No person shall be divested of his property without due process of law, and a strict compliance with the law is essential to divest the title thereof. *Meyer* v. *Mintonye,* 106 Ill. 414.

The plaintiff has been divested of his title, either lawfully or unlawfully, and if unlawfully, he is entitled to possession and restitution, and for this purpose the action of ejectment is the proper remedy. *Guyer* v. *Wookey,* 18 Ill. 536.

The statute confines the court, in instructions to the jury, to the law of the case, wholly and exclusively. Practice act, sec. 52.

Instructions should not intimate what the evidence proves. *Coon* v. *People,* 99 Ill. 368; *Railroad Co.* v. *Moranda,* 108 id. 576.

Several elements necessarily enter into the consideration of such questions, and formulate the premises from which conclusions are deducible, — viz., the validity or invalidity of judgments, legality or illegality of execution sales and official deeds. The presence of those affirmative elements in the legal proceedings is requisite to divest title, and the absence therefrom of one of them vitiates such instruments. None can be dispensed with; all are essential to the validity of the title,— are common law principles. *Atkins* v. *Hinman,* 2 Gilm. 437.

The note in the *Glass case* having been paid, the judgment thereon must be deemed void, and all proceedings under it are mere nullities. *Atkins* v. *Hinman, supra.*

The judgment was declared null and void by its reversal, (*Miller* v. *Glass*, 11 Bradw. 560,) and its destruction leaves nothing for the execution sale and sheriff's deed to rest upon. *Hays* v. *Cassell*, 70 Ill. 669.

The title acquired under an erroneous judgment is divested by its reversal, unless it has been purchased by a stranger to the judgment, without notice. *Powell* v. *Rogers*, 105 Ill. 318.

Mr. JOHN MAYNARD HARLAN, for the defendants in error:

The former decision of this court is *res judicata*, there being no material evidence offered. *Manufacturing Co.* v. *Wire Fence Co.* 119 Ill. 42.

When in no view of the case the plaintiff can recover, it is the duty of the court to instruct the jury to find for the defendant. *Gartside* v. *Outley*, 58 Ill. 210; *Phillips* v. *Dickerson*, 85 id. 11; *Poleman* v. *Johnson*, 84 id. 269; *Bartelott* v. *Bank*, 119 id. 259.

It is not shown that the excluded evidence was material.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was an action of ejectment, brought by George W. Miller against Abram M. Pence and others, in the Superior Court of Cook county, to recover certain lands in said county, which the plaintiff claims to own in fee. A trial was had resulting in a judgment in favor of the defendants, which, being brought to this court by writ of error, was affirmed. *Miller* v. *Pence et al.* 115 Ill. 576. After said affirmance and within one year after the entry of said judgment in the court below, the plaintiff paid all the costs recovered in the suit, and obtained an order from that court, in pursuance of the statute, vacating said judgment and granting a new trial. A second trial was thereupon had before the court and a jury, and at such

trial the court, at the close of the evidence, instructed the jury to find a verdict for the defendants, which was accordingly done, and the court, after denying the plaintiff's motion for a new trial, gave judgment in favor of the defendants for costs. The last mentioned judgment is now before us on writ of error to the Superior Court.

The evidence of title, both on behalf of the plaintiff and the defendants, is identically the same that it was when the case was here before, and it will be unnecessary therefore for us to discuss the evidence again, since the conclusions reached in our former decision must control. Doubtless if Pence's title had rested solely upon the sale under the Brahmstadt and Miller judgment, it would have been improper for the court to direct a verdict for the defendants, as there was some evidence tending to charge Pence with notice of the error in that judgment for which it was afterwards reversed by the Appellate Court. No successful attack, however, was made upon his title under the Aughinbaugh judgment, and no evidence was introduced tending to establish any ground for holding that title to be invalid. The court below therefore held, and properly as we think, that the title derived from the sale under that judgment was conclusive upon the plaintiff, and upon that ground the jury were properly instructed to find for the defendants.

Complaint is made of various rulings of the court excluding evidence offered on behalf of the plaintiff. As most of the evidence thus offered was manifestly immaterial, we do not deem it our duty to discuss it in detail. Among other things the court excluded evidence offered by the plaintiff of a tender by him to the sheriff in May, 1885, of a certain sum of money to redeem said land from the sale under the Aughinbaugh judgment. As by the very terms of the offer it appeared that the tender was made several years after the plaintiff's right of redemption had expired, and long after the sheriff's deed had been executed in pursuance of said sale, the evidence offered was clearly immaterial.

The only other evidence offered and excluded of which mention need be made, was evidence tending to show that the indebtedness upon which the Brahmstadt and Miller judgment was recovered had been paid, and also evidence tending to show that defendant Pence was one of the attorneys for the plaintiff in the recovery of said judgment, and therefore charged with notice of the error for which that judgment was afterward reversed. Without pausing to determine how far either of the facts thus sought to be proved was material, it is sufficient to say, that the plaintiff can not be held to have been prejudiced by the exclusion of said evidence. It only went to the validity of the sale under the Brahmstadt and Miller judgment, and in no way impeached the validity of the title acquired under the Aughinbaugh judgment. As the latter title was alone sufficient to defeat the plaintiff's suit, it would have been of no avail to him to show the invalidity of the title under the Brahmstadt and Miller judgment.

We find no error in the record, and the judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*