## WILLIAM T. BLAIR
### v.
## THOMAS W. SENNOTT.

Certiorari—*Assets of Deceased Persons—Jurisdiction of Probate Court —Appeal.*

1. The Probate Court has jurisdiction of the person of one who is present in answer to a citation.
2. The remedy for the correction of any error in a final order of the Probate Court is by appeal.
3. A judgment of the Probate Court touching matters of which it has jurisdiction can not be reviewed by *certiorari.*

[Opinion filed February 12, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. C. C. MARCH, for appellant.

Blair v. Sennott.

Mr. J. F. Snyder, for appellee.

Gary, P. J. On the 18th of April, 1889, the appellant filed in the Circuit Court his petition for a *certiorari* to the Probate Court.

The record here is in great confusion, but it does appear, that on the 17th of April, 1889, the appellant being before the Probate Court on a citation previously issued at the suit of Martha W. Taft, administratrix of Henry E. Taft, deceased, she then filed in the Probate Court her amended petition, in which, after showing an agency for the deceased by the appellant, the part material to the question here is that which reads as follows: " Your petitioner further shows that the said William T. Blair has collected, as she is informed and believes, all of the money due and owing on the note of said Starretts made payable to the said Henry E. Taft, and has the same in his possession." The single question upon the record is, whether the Probate Court had jurisdiction, for if it had, its judgment can not be reviewed by *certiorari*, as the remedy for the correction of any error in the final order, if any was committed, is by appeal. Hyslop v. Finch, 99 Ill. 171, and numerous cases there cited.

The Probate Court had jurisdiction of the person of the appellant, as he was present in answer to a citation. Of the subject-matter of requiring any person having possession of assets belonging to any deceased person, or if the same has been converted, of the proceeds or value thereof, to deliver them to the administrator, sections 81 and 82, Chap. 3, R. S., give the Probate Court jurisdiction. The doctrine of Propst v. Meadows, 13 Ill. 157, that as to the Probate Court, " when it is adjudicating upon the class of questions over which it has general jurisdiction, as liberal intendments will be granted in its favor as would be extended to the proceedings of the Circuit Court," has been often affirmed by the Supreme, and followed by this court. The jurisdiction invoked in this case is part of the general jurisdiction of the Probate Court in the administration of the estates of deceased persons. " If the jurisdiction of the court extended over that class of cases, it

was the province of the court to determine for itself whether the particular case was one within its jurisdiction." Gardner v. Maroney, 95 Ill. 552. And whether the question arises upon the sufficiency of the petition, or of the proof to support it, the order of the court can not be collaterally attacked for want of jurisdiction. Landt v. Hilts, 19 Barb. 283.

It is the same principle as is applied in Miller v. Pence, 115 Ill. 576, where it is held that this court, where it has jurisdiction of the person, has "jurisdiction to adjudge whether the particular case involves a freehold, and so whether the court has jurisdiction of the subject-matter, and necessarily, therefore, if the court should make a mistake and adjudge that no freehold is involved, where, in fact, freehold is involved, it would be but error, and cause for reversal on appeal or writ of error." For this position is cited Bostwick v. Skinner, 80 Ill. 147, a case involving the probate jurisdiction of the County Court of Cook County in 1855.

The Circuit Court committed no error in quashing the certiorari, and the judgment is affirmed.

*Judgment affirmed.*