HENRY W. WERKMEISTER AND MONTAGUE W. CLARK

v.

EUGENE BEAUMONT.

*Judgments and Decrees—Confessions—Jurisdiction.*

1. It is only from an order overruling a motion to vacate the judgment entered, that a writ of error will lie. It will not lie directly from a judgment rendered by confession.

2. Whether a court has jurisdiction of the subject-matter of a given

controversy, is a question for it to determine upon what is before it, and a mistake in so determining is nothing more than error.

[Opinion filed November 15, 1892.]

IN ERROR to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. C. PORTER JOHNSON, CONSIDER H. WILLETT and ROY O. WEST, for plaintiffs in error.

Mr. M. R. HARRIS, for defendant in error.

MR. JUSTICE SHEPARD. This writ of error is prosecuted to reverse a judgment entered by confession under a power expressed in a written lease of certain premises situated in the city of Chicago, between the parties to this suit, for rent claimed thereunder. Whether this case is distinguishable from that of Little v. Dyer, 138 Ill. 272, because, as is contended, of anything in the subject-matter upon which the power is to be exercised, we will not inquire.

The Circuit Court had jurisdiction of the persons of plaintiffs in error, who were the defendants below, by reason of their appearance by attorney duly warranted thereunto. Whether the court had jurisdiction of the subject-matter was a question for it to determine upon what was before it, and a mistake in so determining that question is nothing more than error. If there was enough before the court to require it to pass judicially upon the question of jurisdiction it would make no difference that a wrong decision was come to. It was enough that the court was called upon to make a determination upon the question. Landt v. Hilts, 19 Barb. 283; Blair v. Sennott, 35 Ill. App. 368.

The warrant of attorney in the lease authorized the attorney " to waive all errors and all right to appeal from said judgment," and this was done in the cognovit. It therefore became necessary for the defendants to have made a motion to vacate the judgment entered. It is only from an order

overruling such a motion that a writ of error will lie. It will not lie directly from the judgment itself rendered by confession. Lake v. Cook, 15 Ill. 353; Frear v. Commercial Bank, 73 Ill. 473; Hall v. Hamilton, 74 Ill. 437; Little v. Dyer, 35 Ill. App. 87.

No such motion was made in the court rendering the judgment. The judgment will therefore be affirmed.

*Judgment affirmed.*