# Randall H. White v. Milo H. Wagar.

1. SEARCH WARRANTS—*Who May Issue.*—Any judge or justice of the peace may, upon complaint on oath, issue a search warrant when satisfied that there is reasonable cause.

2. SAME—*When They Will Not Issue.*—The constitutions of this State and of the United States provide that no such warrant shall issue without probable cause, supported by affidavit.

3. SAME—*Probable Cause, How Shown—Mere Belief Not Sufficient.*—The evidence must be of such facts as shall satisfy the magistrate that suspicion is well founded. The affidavit must show probable cause arising from facts within the knowledge of the affiant, and must exhibit the facts on which the belief is based; his mere belief is not sufficient.

4. CONSTRUCTION OF STATUTES—*Sections 115 and 116, Ch. 38, R. S., Not Repealed by Implication by Chap. 140, R. S.*—Sections 115 and 116 of chapter 38 apply to unregistered private stamps, labels or trademarks, while chapter 140 provides for the protection of those which it requires to be filed for record with the Secretary of State. It does not seem to cover the whole subject-matter of the former, and can not be held to repeal it by implication.

5. SAME—*Rule of Construction.*—It is a rule of construction that general words following an enumeration of special cases. apply only to things of the same character as those expressly mentioned.

6. TRADE-MARKS—*Counterfeit Trade-Marks Not Necessarily Forgery.*—A counterfeit trade-mark is not necessarily a forgery, though it may be where it contains a guaranty expressed or implied.

7. CERTIORARI—*When it Will Lie.*—The Circuit Court has power to award the writ of certiorari at common law to inferior tribunals, when it appears from the face of the record that the latter have exceeded their jurisdiction, or where they have proceeded illegally and no appeal or other mode of review is provided.

8. SAME—*Purpose of the Writ.*—The purpose of a writ of certiorari is to bring the proceedings of inferior tribunals before the court for review, where they have exceeded their jurisdictions, within which it is the proper province of the court to restrain them.

**Certiorari.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed July 11, 1899.

RANDALL H. WHITE, attorney in his own behalf.

CHARLTON & COPELAND, attorneys for appellant, contended that a common law certiorari will issue only where

White v. Wagar.

there is no other mode of review by appeal or otherwise. School Trustees v. Shepherd, 139 Ill. 114; Wright v. Highway Commissioners, 150 Ill. 138; Mayor, etc., v. Dean, 62 Ill. App. 41.

At common law, to constitute forgery the instrument need not be such, as if genuine, would be legally valid. If it was calculated to deceive and was intended to be used for any fraudulent purpose, this is enough. Forgery may be committed of any instrument in writing, which, if genuine, would or might appear as the foundation of another man's liability or the evidence of his right. Reed v. State, 28 Ind. 396; Shannon v. State, 109 Ind. 407; Com. v. Ray, 69 Mass. (3 Gray) 441.

COLLINS & FLETCHER, attorneys for appellee.

Regardless of the question of the jurisdiction of the justice of the peace, the proceedings of the justice were void because the complaint, a prerequisite to the search warrant, appears to have been based on hearsay, and the recitals therein contained are not sufficient to constitute probable cause. Black's Const. L. 438; Cooley's Const. Lim. (6th Ed.) 368; Lippman v. People, 175 Ill. 101; Housh v. People, 75 Ill. 487; Myers v. People, 67 Ill. 503; People v. Heffron, 53 Mich. 527; Swart v. Kimball, 5 N. W. Rep; (Mich.) 640; Ex parte Dimmig, 15 Pac. Rep. (Cal.) 620. Noles v. State, 24 Ala. 672; In re Rule of Court, 3 Woods (U. S. Cir.) 502; U. S. v. Tureaud, 20 Fed. 621; U. S. v. Polite, 35 Fed. 58; Erwin v. U. S., 37 Fed. 489; Comfort v. Fulton, 39 Barb. (N. Y.) 58; Blodgett v. Race, 18 Hun (N. Y.), 133; State v. Gleason, 32 Kas. 245.

The justice had no jurisdiction to issue the search warrant; and in addition thereto, his acts being null and void on account of the fact that the affidavit and warrant were each defective, proceedings by certiorari as at common law will lie in this case. People v. Williamson, 13 Ill. 663; Doolittle v. R. R. Co., 14 Ill. 381; C. R. I. & P. R. R. Co. v. Whipple, 22 Ill. 108; Durham v. Field, 30 Ill. App. 122; Miller v. Trustees of Schools, 88 Ill. 33; Hyslop v. Finch,

99 Ill. 184; Donahue v. County of Will, 100 Ill. 102; Gerdes
v. Champion, 108 Ill. 141; Commissioners of Drainage Dist.
v. Griffin, 134 Ill. 339; Lees v. Drainage Comm., 125 Ill.
49; Smith v. Commissioners, 150 Ill. 391; Schlink v. Maxton,
153 Ill. 453.

The probable cause supported by oath or affirmation pre-
scribed by the fundamental law of the United States is, then,
the oaths or affidavits of those persons who of their own
knowledge depose to the facts which constitute the offense.
United States v. Tureaud, 20 Fed. 621; Lippman v. The
People, 175 Ill. 101.

Where an appeal would not afford an adequate remedy
to the appellant, certiorari is a proper remedy. Highway
Comm. v. Harper, 38 Ill. 106; People v. Judges, 24 Wend.
249; State v. Rose, 58 N. W. 579; State v. Evans, 13 Mont.
239.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of
the court.

Appellant is a justice of the peace and appeals from a
judgment rendered in a proceeding in the Circuit Court of
Cook County, upon a petition by the appellee for a writ of
certiorari as at common law. The petition states that
appellee is the owner of certain articles which were seized
under a search warrant issued by appellant, which warrant,
and the affidavit upon which it was issued, are set forth in
full, together with the return of the constable thereon. The
warrant recites that complaint has been made before the
said justice that "certain forged and counterfeit trade-
marks, labels, bottles, caps, corks, cases, boxes, dies, stamps,
stencils, plates, names and signatures purporting to be the
true and genuine," trade-marks, labels, etc., of certain par-
ties whose names are set out at length, "also certain tools,
machinery, printing presses, cuts, type and other material for
making the said forged and counterfeit" trade-marks, labels,
etc., which "were forged and counterfeited and used for
the unlawful purpose of cheating and defrauding some per-
son or body corporate by some person or persons unknown"
to the affiant, and are as affiant "verily believes con-

cealed in and about the building and premises" which are described.

Certain of the alleged false and counterfeit trade-marks and labels, together with bottles and cases of liquors to which they were attached, were seized by the constable under this warrant, and brought before the justice, who adjudged them to be "forged and counterfeit trade-marks, labels, names and signatures" and directed that they be safely kept by the constable as long as necessary for the purpose of being used as evidence on any trial, and afterward destroyed under the direction of the justice.

The petitioner prays for a writ of certiorari, alleging want of jurisdiction in the justice and illegality in his procedure. Appellant moved the court to "quash" the writ and dismiss the petition upon the alleged ground that no common law writ of certiorari lies in such a case; that the facts on the face of the petition did not authorize it; that the justice decided correctly and did not commit any error of law; that petitioner had the right of appeal, and that the writ will not lie when there is another and efficacious remedy. But the Circuit Court held the proceedings before the justice illegal, erroneous and void, and vacated and annulled the same.

It is contended on behalf of the appellee that as the jurisdiction of a justice of the peace depends entirely upon the statute, appellant had no jurisdiction to issue the search-warrant, and that in any event he did not proceed in conformity with the statute. The authority to issue search warrants in Illinois is found in chapter 38, division 8, section 2 of the Criminal Code, which provides that any judge or justice of the peace may, on complaint made on oath, issue a search warrant when satisfied that there is reasonable cause, "to search for and seize counterfeit or spurious coin, forged bank notes and other forged instruments, tools, machinery and materials prepared or provided for making either of them." It is urged that the words "other forged instruments" do not include labels and trade-marks; that these are not the subject of forgery in this State within

the meaning of the statute, and that a search warrant can not issue therefor. Appellant on the other hand insists that the words "other forged instruments," include everything which by statute or the common law is declared forgery or counterfeit; that under section 115 of chapter 38 of the Criminal Code a counterfeit private stamp, label or trade-mark is to be considered a forged instrument, and that every forged thing, the making of which the statute forbids and punishes, comes within this phraseology.

We do not agree with appellee that said sections 115 and 116 of chapter 38 are repealed by an act of the General Assembly entitled, "An act to protect associations and unions of working men and persons in their labels, trade-marks and forms of advertising." Rev. Stat., Chap. 140. The former statute applies to unregistered private stamps, labels or trade-marks, while the latter provides for the protection of those which it requires shall be filed for record with the Secretary of State, and does not seem to cover the whole subject-matter of the former. It can not, therefore, be held to repeal it by implication.

But the sections in question of the earlier statute although they provide a penalty for counterfeiting and simulating trade-marks, do not make these offenses forgery. A counterfeit trade-mark is not necessarily forgery, though it may be where it contains a guaranty, expressed or implied. The false writing or appropriation of a trade-mark or label where it can be made a basis of an action for deceit or warranty and might, if genuine, subject the person signing it to damages, is said to be forgery. But the mere counterfeiting thereof is not necessarily so, even though punishable by statute, and however morally wrong.

It is said that the court does not know and can not say that the labels in controversy do not contain forgeries. A search warrant, however, can not issue unless statutory authority and reasonable cause is affirmatively shown. It is not enough that these may exist. They are not shown in this complaint. The affidavit upon which the search warrant issued states that the affiant verily believes that a

large number of said alleged forged and counterfeit trade-marks, labels, etc., were concealed in and about the premises mentioned, and that some of the reasons for such belief are that one of his agents reports to him that he, said agent, saw certain forged marks and signatures and a large number of forged and counterfeit cases, on said premises. This affidavit—if we assume for the moment that it is sufficient in other respects—contains no definite description of the alleged " forged and counterfeit " matter, nothing to show its nature and whether or not it does in fact include instruments forged in any legal sense. A judge or justice ought not to be " satisfied that there is reasonable cause " to issue a search warrant, upon such an unsubstantial basis.

The statute authorizes the issue of search warrants in four different classes of cases. Section 2, Division VIII, Chapter 38, Rev. Stat. The first of these, as before stated, includes " counterfeit or spurious coin, forged bank notes and other forged instruments." The others include respectively obscene matter, lottery tickets and gaming apparatus. The words " other forged instruments " may perhaps be considered as embracing anything which by the statute or at common law is forgery and punishable as such. But the language can not be extended further. It is contended by appellee that it can not be extended so far; that it applies only to instruments of the same kind or class as bank notes.

It is a rule of construction that general words following an enumeration of special cases, apply only to things of the same character as those expressly mentioned. Shirk v. The People, 121 Ill. 61. Trade marks and labels are not of the same general character as bank notes, promissory notes, checks, due bills and other like instruments, and if the words " or the forged instruments " followed an enumeration of a list of special things, it might very well be that this rule of construction would have to be applied. " Counterfeit or spurious coin " while not of the same character as forged bank notes, may be used for the same general purpose, namely, as representative of money, and a means of obtaining it dishonestly. But such coin are not forged

instruments, and there is no enumeration here of such
instruments. Only one of them—forged bank notes—is
mentioned. The rule of construction contended for does
not, therefore, apply, and the words in question doubtless
include any instruments, the forging of which is forbidden
by law. But it does not appear that the articles described
in the complaint and warrant under consideration are so
included, and if they are not, the justice was without juris-
diction of the subject-matter.

We have referred to the affidavit which constituted the
complaint upon which the search warrant was issued. The
statute requires a complaint in writing, verified by affidavit,
sufficient to satisfy the justice that there is reasonable cause.
It is not enough that, as in this case, the affiant shall aver
that he verily believes the alleged forged articles are con-
cealed on certain premises, and state that the reason for
such belief is that an agent of his has so reported to him.
It is evident that by such an affidavit no facts upon which
the alleged belief can be founded are sworn to at all. The
justice in this case issued the search warrant upon the state-
ment in effect that the affiant believed a crime had been
committed because some one had told him so. The affidavit
stated merely a conclusion by the witness, and a conclusion
based on no facts within his own knowledge, but on hear-
say.

The constitutions of this State and of the United States
provide that no such warrant " shall issue without prob-
able cause, supported by affidavit." Const. of Ill., Art. 11
Section 6. Probable cause must be shown " by the pro-
duction of evidence satisfactory to the court or magistrate."
Black's Const. Law, p. 437. And the evidence must be of
such facts as shall satisfy the magistrate that suspicion is
well founded. Cooley's Const. Law, (6th Ed.) p. 368. In
Lippman v. The People, 175 Ill. 101, it is said :

" It has been uniformly held whenever the question has
arisen under a statute or constitution containing such pro-
vision, that the oath or affirmation must show probable
cause arising from facts within the knowledge of the affiant
and must exhibit the facts on which the belief is based, and
that his mere belief is not sufficient."

The affidavit in this case was not sufficient to satisfy the justice in any legal or proper sense, and the complaint thus verified did not justify the issue of the warrant, nor confer jurisdiction.  " The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures," as the constitution provides, can not be thus lightly violated.

Except upon complaint verified as the statute requires the justice had no jurisdiction to issue the warrant; and for want of such complaint the warrant itself as well as the proceedings based thereon, were without legal force or effect. It was not necessary under the facts in this case to make objection to the complaint before the justice in order to raise the point here.   The warrant did not require the officer to bring any person into court and no one was legally summoned.

Appellant contends, however, that the writ of certiorari will not lie, because there is another and an efficacious remedy in the right of appeal.

It is, however, the well settled law in this State, that the Circuit Court has power to award the writ of certiorari at common law to inferior tribunals, when it appears upon the face of the record that the latter have exceeded their jurisdiction, or where they have proceeded illegally, and no appeal or other mode of review is provided.   People v. Wilkinson, 13 Ill. 660–663; Hyslop v. Finch, 99 Ill. 171–184; Miller v. Trustees, 88 Ill. 26–33; Com. of Drainage Dist. v. Griffin, 134 Ill. 339.   As is said in People v. Wilkinson, " The great utility of the writ is in its capacity to bring the preceedings of inferior tribunals before the court for reversal where they have exceeded their jurisdiction, within which it is the proper province of the court to restrain them."   Donahue v. County of Will, 100 Ill. 94–102.

Inadvertently, doubtless, and in the effort to perform his duty to the complainant and the public, the justice issued a search warrant for articles which, although he has judicially found them to be forged as well as counterfeit, are yet, we think, clearly not " forged instruments " within the mean-

ing of the statute, as they are described in the complaint upon which his jurisdiction to issue the warrant was based; and in so doing he exceeded the limit of his jurisdiction. Hence the writ of certiorari was properly awarded.

We have considered the other questions presented in the briefs of counsel but in view of the conclusion stated, do not deem it necessary to extend the discussion.

The judgment of the Circuit Court is affirmed.