## Margaret Collins v. Frank T. Kinnare, Adm.

1. APPEALS—*In Matter Relating to the Administration of Estates.*—An appeal lies from a Probate Court to the Circuit Court in all matters arising under the act relating to the administration of estates in favor of any person who may feel himself aggrieved, and this, too, where such person is not a party to the record.

2. CERTIORARI—*Where it Lies.*—In this State the common law writ of certiorari may issue to all inferior tribunals and jurisdictions in cases where they proceed illegally, and there is no appeal or other mode of directly reviewing their proceedings.

3. COURTS OF PROBATE—*Not Strictly of Inferior Jurisdiction.*—The County and Probate Courts, in the administration of estates, although of limited, are not, strictly speaking, of inferior or special jurisdiction.

4. ADMINISTRATION OF ESTATES—*Where the Writ of Certiorari Does Not Afford an Adequate Remedy.*—Where it is apparent that no error of fact can be made to appear on the face of the record of a Probate Court in the entry of an order in the administration of an estate, the writ of certiorari is of no avail as conclusions of fact can not be inquired into under it.

Collins v. Kinnare.

5. Chancery Jurisdiction—*To Supersede the Probate Court in the Administration of Estates.*—A court of chancery will not, except in extraordinary cases, supersede the Probate Court in the administration of an estate, but when a judgment has been obtained by fraud, accident or mistake, courts of equity have jurisdiction to relieve against it unless the party against whom the judgment is rendered has been guilty of negligence.

6. Same—*Where Jurisdiction in Probate Matters Will be Assumed.*— Equity jurisdiction will be assumed in a probate matter where a judgment in the court of probate has been rendered, upon the ground, apparently, that the courts of law can not grant adequate relief, as where an aggrieved person has had no notice of the proceedings, is in ignorance of the proceedings, and so remains until after the time for an appeal has expired.

**Bill to Vacate an Order of Distribution.**—Error to the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed May 15, 1900.

A. S. Lakey, attorney for plaintiff in error.

Chancery will not interfere in the administration of estates, except in exceptional cases. Binmore's Probate, Par. Chap. 1, Sec. 5, and cases cited.

Chancery acquires jurisdiction through fraud, accident or mistake. Nelson v. Rockwell, 14 Ill. 375; Foote v. Despain, 87 Ill. 29.

Only final orders in the Probate Court are appealable. Meyer's Statutes, Chap. 37, Sec. 226.

Henry T. Helm and J. Warren Pease, attorneys for defendants in error, contended that the complainant had a complete remedy at law by way of appeal by certiorari. Gallimore v. Dazey, 12 Ill. 143; Stout v. Slattery, 12 Ill. 162.

Any aggrieved party may appeal. Revised Statutes, Chap. 3, Sec. 123; Weer v. Gand, 88 Ill. 490.

If a party has a remedy at law in the Probate Court, or by appeal, chancery will not entertain jurisdiction. Freeland v. Dazey, 25 Ill. 294; Harris v. Douglas, 64 Ill. 466; Conover v. Hill, 76 Ill. 342; Heustis v. Johnson, 84 Ill. 61; Crain v. Kennedy, 85 Ill. 340.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Letters of administration were issued from the Probate Court to defendant in error, Kinnare, in the matter of the estate of one Jane Knaefsey, deceased. Proof of heirship was duly made and the administration of the estate pro- ceeded, until at the October term, 1898, of said court, an order of final distribution was entered.

The plaintiff in error claims to be a niece of the deceased. She states that she is a non-resident and had no notice of the death of the intestate nor of the administration upon the estate until about January 17, 1899, three months after the entry of said order of distribution. She then moved in the Probate Court to vacate said order, but the motion was denied.

February 24th following, she filed her bill of complaint, setting up her claim of heirship, making the foregoing re- citals, and alleging that because of the expiration of the term at which said order of distribution was entered, she was unable to move in due time to set it aside or per- fect an appeal therefrom, and hence her remedy at law was lost. The bill prays for a restraining order against the administrator; that complainant and her sister, one Kate Kane, be decreed the only heirs at law and entitled to the estate, and that the said final order of distribution be vacated.

A demurrer to the bill was overruled, but upon further consideration the order to that effect was set aside, and the demurrer sustained, upon the ground that the complainant had at and before the time of filing her bill an adequate remedy at law.

It is contended on behalf of plaintiff in error that this is one of the exceptional cases in which chancery will take jurisdiction to interfere in the administration of estates, and that otherwise plaintiff in error is remediless.

That the order of distribution was appealable seems to be agreed by counsel for both parties. By virtue of Sec. 123, Chap. 3, R. S., an appeal lies from the Probate to the Circuit Courts in all matters arising under the act

relating to administration of estates, in favor of any person who may consider himself aggrieved. This has been held to apply even where such aggrieved person is not a party to the record. Weer v. Gand, 88 Ill. 490. Plaintiff in error, however, states in her bill of complaint that owing to the expiration of the October term of the Probate Court before she had knowledge of the proceedings and entry of such final order of distribution, she was unable to pray for or obtain an appeal, and hence her remedy at law was lost. Counsel for defendants in error on the other hand urges that she still had four months from said January term within which to prosecute a petition for a writ of certiorari in accordance with Sec. 187 of Chap. 79 of the Justices' Act, which provides that no writ of certiorari shall issue after the expiration of six months from the rendition of the judgment. The provisions of that act are applicable to judgments of justices of the peace, but not to judgments of the Probate Court, to which the common law writ of certiorari may issue. In the former case the office of the writ is to bring up the papers from the justice, and "the trial is to be *de novo* as in case of appeals, and not upon the return of the inferior tribunal as in common law cases of certiorari." Gallimore v. Dazey, 12 Ill. 142 (145). The question is not whether plaintiff in error had time in which to apply for such writ, but whether such application would avail. It is held in this State that the common law writ of certiorari may issue to all inferior tribunals and jurisdictions in cases where they exceed their jurisdiction, and in cases where they proceed illegally and there is no appeal or other mode of directly reviewing their proceedings. Miller v. Trustees of Schools, 88 Ill. 26 (33), and cases cited; Hyslop v. Finch, 99 Ill. 171 (184); White v. Wagar, 83 Ill. App. 592; Doolittle v. Galena & C. N. R. Co., 14 Ill. 381. In the last mentioned case it is said the above are the only instances in which the proceedings of such tribunals and jurisdictions may be so reviewed. The County Court in the administration of estates, and the Probate Court in this case, "although of limited, is not, strictly speaking, of inferior and certainly is not a court of special

jurisdiction," and when acting within its sphere in the administration of estates, as liberal intendments will be granted in its favor as to proceedings of the Circuit Court. It will be presumed that the proof justifying its action is sufficient, though it does not appear affirmatively in the record. Probst v. Meadows, 13 Ill. 157 (169); Bostwick v. Skinner, 80 Ill. 147 (152). In the present case the return to a writ of certiorari would contain only a record of the proceedings, and would fail to show either a want of jurisdiction in the Probate Court or illegal procedure in the entry of such order of final distribution. It is apparent that no error of fact or law would be shown on the face of such record, and conclusions of fact could not be inquired into upon a review under such writ. Low v. Galena & C. N. R. Co., 18 Ill. 325. The presumption would be that the facts justified the action of the Probate Court. It is not claimed that the Probate Court had not jurisdiction or that it proceeded illegally upon the evidence before it at the time of the entry of the order. (R. S., Chap. 3, Sec. 112.) Under these conditions a review of the order and judgment of the Probate Court by certiorari can not avail. Blair v. Sennott, 35 Ill. App. 368.

It is well settled that a court of chancery will not, except in extraordinary cases, supersede the Probate Court in the administration of estates. Freeland v. Dazey, 25 Ill. 294; Harding v. Shepard, 107 Ill. 264 (273), and cases cited. Where, however, a judgment has been obtained by fraud, accident or mistake, courts of equity have jurisdiction to relieve against the judgment unless the party against whom the judgment had been rendered has been guilty of negligence. Foote v. Despain, 87 Ill. 28. In Probst v. Meadows, 13 Ill. 157 (169), equity jurisdiction was assumed in a probate matter where judgment had been rendered in the County Court, upon the ground, apparently, that the courts of law could not grant adequate relief. In that case the record showed that the executor could not take an appeal, for he was ignorant of the judgment, and remained so until after the time had expired within which he could have appealed.

The bill of complaint in the case before us contains allegations showing a somewhat similar state of affairs— ignorance of the judgment until too late for appeal. If the allegations of the bill are true, plaintiff in error, a non-resident, is one of two persons who are the only heirs at law, and entitled to the estate, which by the order of distribution is to be paid to others not entitled at all, by virtue of proceedings of which she had no notice or knowledge until too late for any remedy at law. It is, we think, apparent that she can have no adequate relief except in chancery.

We express no opinion upon the merits, nor as to the bill itself. The only question pressed upon our attention is the right to maintain a proper bill in equity, under circumstances such as are here alleged.

The judgment of the Circuit Court is reversed and the cause remanded.