(No. 11416.—Judgment affirmed.)
THE CITY OF CHICAGO, Appellee, *vs.* JAMES F. LORD *et al.*—
(FRED SCHOLER *et al.* Appellants.)

*Opinion filed June 21, 1917.*

RES JUDICATA—*when evidence is the same on a second appeal the former decision in respect thereto is conclusive.* Where the sufficiency of the evidence to prove a fact in issue is considered on appeal or error, if the case comes up for review a second time and the evidence is the same or substantially the same, the former decision is conclusive and will operate as *res judicata.*

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

JOHN L. MCINERNEY, for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, HARRY F. ATWOOD, EUGENE H. DUPEE, and TOLMAN, REDFIELD & SEXTON, (ROBERT REDFIELD, and HENRY P. CHANDLER, of counsel,) for appellee.

·Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a second appeal by Fred Scholer, Louisa J. Eberle and Ida C. Dutton in a proceeding instituted in the superior court of Cook county by the city of Chicago to fix the amount of compensation to be paid for portions of the lots of the appellants to be taken for the widening of Twelfth street, in the city of Chicago, and to determine the question of damages or benefits to the remainder of the lots not taken. On the first trial before the court without a jury the court fixed the compensation to be paid for the portions of the lots taken and confirmed assessments for benefits to the portions not taken and entered judgment accordingly. On the appeal from that judgment it was held that the opinions of witnesses for the petitioner as to the property taken were not founded on a proper basis and

the conclusion of the court based upon or influenced by such opinions was erroneous and the appellants were entitled to another trial as to the compensation to be paid for land taken. Error was also assigned on the confirmation of the assessment for benefits, and concerning that error the conclusion of the court was expressed as follows: "After a full consideration of all the evidence on this point we are not prepared to say that the trial court erred in not allowing damages for the land not taken. The same is true as to the question of benefits. There was ample evidence that the property remaining would be benefited by the widening of the street and the construction of a new bridge and viaduct to take the place of those now in the street, and there were reasons given why such benefits would accrue. We cannot say that the court erred in confirming the assessment for benefits." For the reasons given in the opinion the judgment was reversed and the cause remanded for further proceedings in conformity with the views therein expressed. (*City of Chicago* v. *Lord,* 276 Ill. 544.) The cause being re-instated in the superior court, a stipulation was entered into whereby trial by jury was waived and the cause was submitted to the court upon the evidence introduced on the first trial as contained in the transcript of the record then on file in this court and reviewed on the former appeal. No further evidence was heard or offered on the trial, and the court upon such evidence fixed the compensation to be paid for the portions of the lots taken, which was satisfactory to all parties. The defendants submitted two findings of fact relating to the different properties, stating the value of the remainder of the property not taken after the improvement should be made, which, if held, would have resulted in a judgment for damages to the property not taken. The court refused to hold these findings and overruled a motion for a new trial and in arrest of judgment and entered judgment according to the findings. From that judgment this appeal was taken. The case was considered

at the April term of this court and the judgment was affirmed for reasons which will now be stated.

The assignments of error relate only to the effect of the improvement on the portions of the lots not taken, and they are based upon the same evidence introduced on the first trial and contained in the transcript of the record from which the court determined on the former appeal that the court did not err in confirming the assessments for benefits.

The law is, that when the sufficiency of the evidence to prove a fact in issue is considered on appeal or error, if the case comes up for review a second time and the evidence is the same or substantially the same, the former decision is conclusive. A litigant cannot by repeated appeals compel a court to review its decision upon the same evidence, and upon a second appeal a court is precluded from considering questions which were considered and decided on the former appeal. If the evidence upon any issue is substantially the same as upon the first appeal, the former decision is conclusive and will operate as *res judicata.* (*Rising* v. *Carr,* 70 Ill. 596; *Hough* v. *Harvey,* 84 id. 308; *Champaign County* v. *Reed,* 106 id. 389; *Newberry* v. *Blatchford,* id. 584; *Tucker* v. *People,* 122 id. 583; *Smyth* v. *Neff,* 123 id. 310; *Village of Brooklyn* v. *Orthwein,* 140 id. 620; *People* v. *Waite,* 243 id. 156; 2 R. C. L. 227; *Westfall* v. *Wait,* 165 Ind. 353; 6 Ann. Cas. 788.) In the case of *Elston* v. *Kennicott,* 52 Ill. 272, it was said that on a second trial the previous decision is conclusive of questions then presented but not as to new questions and new facts. The court said: "The very object of remanding a case for a new trial is to enable the parties to introduce any other and further legitimate evidence. It is the purpose of the law to administer justice and afford protection to parties in their legal rights and not to prevent its attainment by mere technical rules. When a case has been determined in an appellate court and remanded for further proceedings and on a new trial further and material evidence is introduced, it

becomes a new case in so far as to require, the additional evidence to be considered in connection with the evidence previously before the court and decided upon all the evidence then heard." *Miller* v. *Pence,* 131 Ill. 122, was an action of ejectment. There had been a judgment in favor of the defendants, which was affirmed. (*Miller* v. *Pence,* 115 Ill. 576.) The plaintiff took a new trial under the statute, and on the second trial the evidence was the same as it was when the case was in this court before, and it was held that the conclusions reached on the first appeal must control. In *Douglas* v. *West,* 140 Ill. 455, a bill, was filed to restore a lost deed, and on the hearing the only dispute between the parties was whether the deed was delivered and accepted. A decree finding the negative of that question was appealed from and was reversed and the cause was remanded. On the second hearing the evidence as to that issue was substantially, if not precisely, the same as before. On the second appeal (*West* v. *Douglas,* 145 Ill. 164,) the court quoted the above statement from *Elston* v. *Kennicott,* and held that, so far as the question of delivery and acceptance was concerned, the former decision was conclusive and that branch of the case must be treated as *res judicata.* In this case it was determined on the former appeal that the decision of the court respecting benefits to the portions of the lots not taken could not be reversed for error, since there was ample evidence that the property remaining would be benefited by the improvement. The second appeal brought before the court the same identical evidence and the former decision was *res judicata.* The evidence being the same, the judgment of affirmance necessarily followed.

*Judgment affirmed.*