(No. 11333.—Reversed and remanded.)

JAMES W. STUBBS, Plaintiff in Error, *vs.* THE INDUSTRIAL
BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed October 23, 1917.*

1. WORKMEN'S COMPENSATION—*claimant is not required to elect
under what paragraph he will claim award.* A claimant is not re-
quired to elect under which paragraph of section 8 of the Work-
men's Compensation act he will rest his claim, as it is the province
of the Industrial Board to determine, from the evidence submitted,
whether he is entitled to an award and under what provision of
the statute the award is authorized.

2. SAME—*award cannot be made for permanent disfigurement
and also for permanent partial incapacity.* By the express terms of
paragraph (*c*) of section 8 of the Workmen's Compensation act of
1913 no compensation for permanent disfigurement can be awarded
if compensation is also awarded under paragraph (*d*) for perma-
nent partial disability, and in making an award for permanent dis-
figurement the Industrial Board should not consider the matter of
partial permanent disability as affecting the amount.

WRIT OF ERROR to the Circuit Court of Sangamon
county; the Hon. NORMAN L. JONES, Judge, presiding.

THOMAS C. ANGERSTEIN, GEORGE W. ANGERSTEIN, and
EDGAR P. SAMPSON, for plaintiff in error.

GRAHAM & GRAHAM, for defendant in error John Joohs.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error John Joohs, a brick and stonemason,
was injured May 3, 1915, while engaged, with his helper,
in tearing down a stone wall. He fell from a scaffold some
twenty-four feet to the cement floor of a building, striking
upon his head and shoulders, his helper falling upon him.
He received a horseshoe-shaped wound over the left side
of the scalp or forehead requiring some fifteen or twenty
stitches, together with an injury to the right forearm and
right hand and other injuries to the body. He was treated

by a physician some five or six weeks and returned to his
work for James W. Stubbs, plaintiff in error, six weeks
and three days after the accident, doing substantially the
same work as before the accident and receiving the same
wages.    He worked for plaintiff in error most of the time
until January, 1916.    On February 7, 1916, Joohs filed his
application for adjustment with the Industrial Board.    It
was stipulated the parties were under the Workmen's Com-
pensation act at the time of the accident and that Joohs
was injured in the course of his employment.    The ap-
plicant claimed total temporary disability, also permanent
partial disability, and also sought to recover for permanent
and serious disfigurement of the head and face.    The arbi-
trator to whom the application was referred by the Indus-
trial Board found and awarded the applicant $11.55 a week
for a period of five and one-third weeks for temporary total
disability, and the further sum of $11.55 a week for fifty
weeks for serious and permanent disfigurement.    On a re-
view of the award by the Industrial Board said board heard
testimony additional to that embodied in the stenographic
report of the evidence heard by the arbitrator and sustained
the finding and award of the arbitrator.    A writ of *cer-
tiorari* was sued out of the circuit court by the employer,
which court, upon a consideration of the case, quashed the
writ, confirmed the award made and granted a certificate
that the cause should be reviewed by this court, and the
employer has brought the record up by writ of error.

The proof showed the applicant was a brick and stone-
mason, fifty-nine years of age at the time of the accident.
He weighed about 210 pounds and had been a bricklayer
and stonemason practically all his life.    He was earning
at the time of the injury, and has since received, $21.10 a
week.    In addition to the wound on his head, his right arm
and a finger on his right hand were injured and he was
otherwise bruised about the body.    Applicant testified since
the accident his right arm was weakened and that he was

280 — 14

unable to use it as effectively in heavy work as before the injury, and that because of this he was unable to secure employment as readily as before the injury. A chiropractor who had examined the applicant testified there was a dislocation or involvement of the first dorsal vertebra, affecting the nerves of the right arm, thereby weakening that member, and also that other vertebræ were affected. He testified an ordinary physician would not have been likely to discover the trouble or find the condition he found. The physician who attended the applicant from the time of his injury until he was able to return to work, testified there were no evidences of a condition that should cause disability as a result of the injuries sustained. William Schreiber testified applicant worked for witness in September, 1915, at brick work, and that he could not tell from applicant's performance that he had ever been injured.

Under paragraph (b) of section 8 of the Workmen's Compensation act of 1913, which was in force when the accident occurred and which governs the rights of the parties in this case, (Laws of 1913, sec. 32, p. 355,) the applicant was entitled to compensation for the time he was temporarily totally disabled. There was proof tending to show that applicant suffered a serious and permanent disfigurement of his head, for which, under paragraph (c) of section 8 he was entitled to compensation. There was also proof tending to show that applicant was permanently partially incapacitated from pursuing his usual line of work or employment, which would entitle him to compensation under paragraph (d) of section 8. Applicant claimed compensation under the three paragraphs of the section above mentioned. Respondent moved the arbitrator, and again moved the Industrial Board, to require applicant to elect whether he claimed under paragraph (c) for serious and permanent disfigurement or whether he claimed compensation under paragraph (d) for permanent partial disability, on the ground a recovery could not be had under both when

. the injury was occasioned by the same accident. Both motions were denied. Paragraph (*c*) expressly provides no compensation shall be payable under that paragraph where compensation is payable under paragraph (*d*). There was proof tending to show that the applicant suffered both partial permanent disability and disfigurement. In that event, as we construe section 8, and particularly paragraph (*c*) and the proviso thereto, a recovery could not be had for disfigurement of hand, head or face where an applicant is entitled to compensation for permanent partial disability under paragraph (*d*) of said section 8. Both parties insist and argue that the award of the Industrial Board was for serious and permanent disfigurement, only. There was proof tending to show the applicant was entitled to compensation for permanent partial incapacity arising out of the same accident. Under the act of 1913 there could not be an award for disfigurement under paragraph (*c*) and for permanent partial incapacity under paragraph (*d*). We do not think there was any error in the procedure before the arbitrator or the Industrial Board in refusing to require the claimant to elect under which paragraph of section 8 he claimed an award. All the claimant is required to do is to present his claim for an award and support it by proof of his injury. It is the province of the Industrial Board to determine whether he is entitled to an award and under what provision of the statute an award is authorized to be made.

The proof of disfigurement and that it affected the ability of the claimant to procure employment was not very clear, but as it tended to establish that proposition we would not be authorized to reverse the judgment of the circuit court on the ground that there was no proof of permanent disfigurement. It seems clear from the findings and recitals in the opinion and decision of the Industrial Board, that while the award purports to be made for serious and permanent disfigurement, only, it was based partly upon the

alleged incapacity of the applicant resulting from the other injuries. In its decision the Industrial Board sets out quite fully the substance of the testimony of the various witnesses relating to the alleged effect of all the other injuries claimed to have been sustained by the claimant, in addition to the injury causing the disfigurement. Following the recital of the testimony as to all the injuries and their claimed effect, the board states: "It might be argued from this testimony that the award for disfigurement, if the disfigurement is considered alone, is excessive, but when the disfigurement is considered together with the other disabilities specified by the applicant, in our judgment the award appears to be proper and not excessive." The board then finds the parties were operating under and subject to the Workmen's Compensation act, that the accident arose out of and in the course of the employment, and "that as a result thereof the applicant is seriously and permanently disfigured," and the award made by the arbitrator was sustained and ordered to stand as the decision of the Industrial Board. The award was made for disfigurement, only, and the board acted contrary to law and beyond its powers in considering "the other disabilities specified by the applicant," in determining whether he was entitled to an award for disfigurement and the amount he was entitled to. This is a question of law, subject to review by this court. *Bereda Manf. Co.* v. *Industrial Board,* 275 Ill. 514; *Munn* v. *Industrial Board,* 274 id. 70; *Victor Chemical Works* v. *Industrial Board,* 274 id. 11; *Goelitz Co.* v. *Industrial Board,* 278 id. 164.

The judgment of the circuit court is reversed and the cause remanded to the circuit court for such further proceedings in harmony with the views here expressed as law and justice may authorize or require.

*Reversed and remanded.*