(No. 12707.—Judgment affirmed.)
JAMES W. STUBBS, Plaintiff in Error, vs. THE INDUSTRIAL
COMMISSION et al.—(JOHN JOOHS, Defendant in Error.)

*Opinion filed October 27, 1919.*

1. WORKMEN'S COMPENSATION—*when the former decision is res judicata.* Where it has been determined on a former appeal that there is evidence to support an award for serious and permanent disfigurement, on a second writ of error on the same record as presented in the previous review the former decision will operate as *res judicata* on said issue.

2. SAME—*award fixed by Industrial Commission is not subject to review if within the statutory limit.* The fixing of an award for serious and permanent disfigurement is within the jurisdiction of the Industrial Commission, and the question as to what the amount shall be is not subject to review by the Supreme Court except for fraud, when the award is within the statutory limit.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

GALLAGHER, KOHLSAAT & RINAKER, for plaintiff in error.

GRAHAM & GRAHAM, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error seeks to reverse the judgment of the circuit court affirming the finding and award of the Industrial Commission on the ground that such finding and award were not in compliance with the remanding order of this court, this cause having been previously before this court. *Stubbs* v. *Industrial Board,* 280 Ill. 208.

It appears that defendant in error, John Joohs, a brick and stonemason, was injured May 3, 1915, while engaged in tearing down a stone wall. He pitched from a scaffold, striking upon his head and shoulders on the cement floor of the building. He received a wound over the left side

of the forehead in the shape of a horse-shoe, requiring some fifteen or twenty stiches to close the wound. Aside from temporary total disability allowed by the Industrial Commission, the commission also allowed the further sum of $11.55 a week for fifty weeks for serious and permanent disfigurement. On review by this court it was held that while the Industrial Commission has the right to make an award under paragraph (*c*) of section 8 of the Compensation act for serious and permanent disfigurement, it appeared from the record that it had considered permanent partial disability as ground for recovery. The judgment of the circuit court affirming the award of the Industrial Commission was in that case reversed and the cause remanded for the reason the commission acted contrary to law and its powers in considering other disabilities in determining whether the defendant in error was entitled to an award for disfigurement and the amount he was entitled to. (*Stubbs* v. *Industrial Board, supra.*) Upon the cause being remanded to the Industrial Commission and the hearing of further testimony an award was entered in the same sum, although the finding and award of the commission specified that the award was for serious and permanent disfigurement, only, and it is here complained by plaintiff in error that such an award was not in accordance with the mandate of this court. The award entered was for $11.55 per week for fifty weeks.

Under paragraph (*c*) of section 8 of the Compensation act, where an award is made for serious and permanent disfigurement the amount of such award shall not exceed one-quarter of the amount of the compensation which would have been payable as a death benefit under paragraph (*a*) of section 7, which section provides a maximum award not to exceed $3500. It will be seen, therefore, that the award of the Industrial Commission in this case does not exceed the award it is empowered to make for serious and permanent disfigurement, and the question therefore arises

whether or not there is any evidence of serious and permanent disfigurement upon which such a finding can be based.

Upon previous review of this cause this court said (p. 211): "The proof of disfigurement and that it affected the ability of the claimant to procure employment was not very clear, but as it tended to establish that proposition we would not be authorized to reverse the judgment of the circuit court on the ground that there was no proof of permanent disfigurement." The cause comes here on the same record presented in the previous review, with additional evidence. This court there found that there was evidence in the record tending to establish serious, permanent disfigurement, which affected the ability of the defendant in error to secure employment. That decision is conclusive and will operate as *res judicata* on that issue. *City of Chicago* v. *Lord,* 279 Ill. 167; *Tucker* v. *People,* 122 id. 583.

The Industrial Commission had jurisdiction to say what the compensation in this case should be, subject to the limitations of the statute. The fixing of this amount is in the hands of the commission, and the question as to what the amount shall be is not subject to review by this court when such award is within the statutory limit as to amount, except for fraud. While the award here under consideration was for the same amount as the former award, that fact does not, of itself, establish that it was not the result of a consideration of the evidence, in the absence of proof that such evidence was not considered. Public officials are presumed to do their duty.

For the above reasons the circuit court did not err in affirming the finding and award of the Industrial Commission, and the judgment of the circuit court will therefore be affirmed.                          *Judgment affirmed.*