SARAH FUNDERBURK, Plaintiff in Error, *vs.* A. L. SPENGLER *et al.* Defendants in Error.

*Opinion filed June 18, 1908.*

1. HIGHWAYS—*exercise of power to lay out road must be kept strictly within the statute.* To justify the laying out of a road involving the appropriation of private property against the will of the owner there must be a statute clearly conferring the power, and the statute must be strictly construed and the exercise of the power kept strictly within the language of the legislative grant.

2. SAME—*statute does not authorize laying out road from one road to several tracts of land.* Section 54 of the Road and Bridge

act of 1883, as amended in 1891 and 1903, (Laws of 1903, p. 203,) authorizes the laying out of a road from one dwelling or plantation to a public road, or from one lot of land to a public road or from one public road to another, but does not authorize laying out a road from a public road to one lot of land, and from thence, at right angles, to other lots or tracts, to serve the convenience of a neighborhood by connecting different tracts.

3. SAME—*several owners of one lot of land may join in petition.* Under section 54 of the Road and Bridge act the several owners of one lot of land may join in a petition to lay out a road from such lot to a public road, as the right to the road is not a question of the number of owners of the land, but of the number of the lots or tracts of land.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. R. B. SHIRLEY, Judge, presiding.

S. H. CUMMINS, for plaintiff in error.

STEVENS & STEVENS, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

A writ of *certiorari* ordered by the circuit court of Sangamon county on the petition of Sarah Funderburk, plaintiff in error, brought before that court the record of proceedings carried on for the purpose of laying out a road for private and public use in said county. The court denied the motion of plaintiff in error to quash the return and proceedings and quashed the writ and dismissed the petition. The writ of error in this case was sued out of this court to bring the record of the circuit court here for review.

The petition for the road was signed by Zaza C. Clayton and Henry Archer and it was denied by the commissioners of highways of the town. The petitioners appealed to three supervisors of the county, who reversed the decision of the commissioners and granted the prayer of the petition. Subsequent proceedings were had for assessing the damages to the plaintiff in error and a final order was

made laying out the road. The road as petitioned for and laid out by the three supervisors connected with an existing public road running east and west and ran from that road south, of the width of thirty-three feet, half a mile through an eighty-acre tract of land of the plaintiff in error to the north-east corner of a tract of six and one-half acres owned by the petitioner Henry Archer, and making a connection sixteen and one-half feet wide with that lot of land. From thence the road turned east at right angles and ran along the north line of a tract of land owned by David Funderburk about thirty-three rods to a point sixteen and one-half feet beyond the north-west corner of a tract of sixteen acres owned by the petitioner Zaza C. Clayton, and taking the width of the road off the south end of said eighty-acre tract.

The laying out of the road involved the appropriation of private property against the will of the owner, and in such cases there must be a statute clearly conferring the power and the statute must be strictly construed. The exercise of the power must be kept strictly within the language of the legislative grant. (*Harvey* v. *Aurora and Geneva Railway Co.* 174 Ill. 295.) The Road and Bridge act of 1883 provided, in section 54, for laying out roads for private and public use of the width of three rods or less. In 1891 that section was amended, and in 1903 an act was passed which purported to amend said section of the act of 1883 but made no reference to the amendment of 1891. The two amendments, however, are alike in the only matter material to this case, and the provision in each is as follows: "Roads for private and public use of the width of three rods or less may be laid out from one dwelling or plantation of an individual to any public road, or from one public road to another, or from a lot of land to a public road, or from a lot of land to a public water-way, on petition to the commissioners by any person directly interested." The privilege of having such a road laid out

was clearly limited to roads leading from one dwelling or plantation of an individual to a public road, and it could not have been intended to have a wider or more liberal interpretation as to a lot of land so as to include various different tracts. Giving to the statute the strict construction required by the rules of law, it only authorizes the laying out of a road from one dwelling or plantation to a public road, or from one lot of land to a public road, or from one public road to another. It does not contemplate the laying out of a road from a public road to one lot of land and from thence to other lots or tracts. The evident purpose of the statute is to permit the owner of a dwelling or plantation or a lot of land to secure access to a public road, and not to serve the convenience of a neighborhood by connecting different tracts. It is not a question of the number of petitioners who may be interested in the same dwelling, plantation or lot of land and who are therefore directly interested, and the right of two or more owners of the same tract to join in the petition has been recognized. (*Wright* v. *Highway Comrs.* 150 Ill. 138.) The statute laying down rules for the construction of statutes authorizes the application of the words of the provision to several persons who are owners of the same tract, but does not warrant an extension of its terms, contrary to the manifest intention of the legislature, to various dwellings, plantations or lots of land. The road petitioned for was not one authorized by the statute, and other questions raised by counsel will not be considered.

The judgment of the circuit court is reversed and the cause is remanded, with directions to quash the record of the proceedings for laying out the road.

*Reversed and remanded, with directions.*