J. W. BLAIR *et al.* Appellants, *vs.* G. FADERER *et al.* Appellees.

*Opinion filed October 27, 1915.*

HIGHWAYS—*section 98 of the Roads and Bridges act does not authorize road from two lots of land to public road.* Section 98 of the Roads and Bridges act does not authorize the commissioners of highways to lay out roads for private and public use to connect more than one dwelling or plantation or more than one lot of land with a public highway, even though the two lots of land sought to be served are contiguous forty-acre tracts owned in severalty by different owners, both of whom petition for the road, where one tract cannot be connected with the road except by extending the road through the other tract. (*Funderburk* v. *Spengler,* 234 Ill. 574, followed.)

APPEAL from the Circuit Court of Clay county; the Hon. J. C. MCBRIDE, Judge, presiding.

JAMES H. SMITH, for appellants.

A. N. TOLLIVER, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On June 9, 1914, J. R. Davis and J. D. Beal petitioned the commissioner of highways of the town of Blair, in the county of Clay, to lay out a road for private and public use along a specified route, which road, the petition alleged, would "connect a lot of land with a public highway" and would "connect the plantations of the petitioners herein

with a public road." The petition described the starting point of the proposed road as a certain point on the line between sections 19 and 20 in the town of Blair, and the route specified extended therefrom in an easterly direction a distance of one and one-half miles to a public road. A particular description of the lot of land or the plantations mentioned in the petition which the proposed road would connect with a public road was not given, but from a survey which was thereafter made at the direction of the commissioner of highways, and from certain agreements made between the petitioners and the commissioner of highways and made a part of the record of the proceedings, it appears that the petitioner J. R. Davis owns in severalty a 40-acre tract of land in section 19 and that the petitioner J. D. Beal owns a 40-acre tract lying immediately east thereof in section 20 of the town of Blair; that the starting point of the proposed road is on the line between these 40-acre tracts, and that the proposed road extends in an easterly direction through the 40-acre tract owned by Beal and through lands belonging to various other persons, including appellants, J. W. Blair and C. W. Davis, to a public highway. On July 25, 1914, the commissioner of highways made a written order, in which, among other things, it was recited that the petitioners, J. R. Davis and J. D. Beal, are the owners of a lot of land, viz., the northwest quarter of the southwest quarter of section 20 and the northeast quarter of the southeast quarter of section 19, in the town of Blair, which the proposed road would connect with a public highway, and after setting out the various steps theretofore taken in the proceedings, it was ordered that the road described in the order be laid out as a road for private and public use. Thereafter J. W. Blair and C. W. Davis filed their petition for a writ of *certiorari* in the circuit court of Clay county to obtain a review of the proceedings which had resulted in the making of an order by the commissioner of highways laying out the road for

private and public use across their lands. As a return to the writ which was issued upon this petition the record of the proceedings taken in laying out the road was certified to the circuit court. Thereupon the petitioners moved the court to quash the record of said proceedings and the commissioner of highways moved the court to quash the writ of *certiorari*. The motion to quash the writ of *certiorari* was sustained and judgment was rendered against the petitioners for costs. From that judgment the petitioners, J. W. Blair and C. W. Davis, have prosecuted this appeal.

The power of commissioners of highways to lay out roads for private and public use is derived from section 98 of the Road and Bridge act of 1913, which provides that "roads for private and public use of the width of three rods or less, may be laid out from one dwelling or plantation of an individual to any public road, or from one public road to another, or from a lot of land to a public road, or from a lot of land to a public waterway, on petition to the commissioners by any person directly interested," and that "upon receiving such petition, proceedings shall be had respecting the laying out of such road as in the case of public roads." In *Funderburk* v. *Spengler*, 234 Ill. 574, in considering this provision, which was contained in the former Road and Bridge act, we said: "The privilege of having such a road laid out was clearly limited to roads leading from one dwelling or plantation of an individual to a public road, and it could not have been intended to have a wider or more liberal interpretation as to a lot of land so as to include various different tracts. Giving to the statute the strict construction required by the rules of law, it only authorizes the laying out of a road from one dwelling or plantation to a public road, or from one lot of land to a public road, or from one public road to another. It does not contemplate the laying out of a road from a public road to one lot of land and from thence to other lots or tracts. The evident purpose of the statute is to permit the

owner of a dwelling or plantation or a lot of land to secure access to a public road, and not to serve the convenience of a neighborhood by connecting different tracts. It is not a question of the number of petitioners who may be interested in the same dwelling, plantation or lot of land and who are therefore directly interested, and the right of two or more owners of the same tract to join in the petition has been recognized. (*Wright* v. *Highway Comrs.* 150 Ill. 138.) The statute laying down rules for the construction of statutes authorizes the application of the words of the provision to several persons who are owners of the same tract, but does not warrant an extension of its terms, contrary to the manifest intention of the legislature, to various dwellings, plantations or lots of land."

It is clear from the language above quoted, that, as heretofore construed by us, section 98 of the Road and Bridge act does not authorize commissioners of highways to lay out roads for private and public use to connect more than one dwelling or plantation or more than one lot of land with a public highway. While numerous objections are urged by appellants to the record of the proceedings which resulted in the order laying out the proposed road, the only question necessary to be here considered is whether the purpose of the proposed road is to connect more than one plantation or more than one lot of land with a public road.

The record of the proceedings to lay out the proposed road shows that the premises sought to be connected thereby with a public highway are two contiguous 40-acre tracts of land owned by the respective petitioners in severalty. Appellees seek to sustain the action of the commissioner of highways in laying out the proposed road by contending that as these tracts of land are contiguous they constitute but one lot of land notwithstanding the fact that the owner of one tract has no control or dominion over the other tract, and attempt to distinguish the case at bar from the

*Funderburk case* by pointing out that the tracts of land there involved were not contiguous. What was said in that case will not justify any such distinction. "A lot of land," as that term is used in section 98 of the Road and Bridge act, means a tract of land, and it is essential that the land composing such tract lie in a body; but it is equally essential, in order to come within the meaning of the statute, that the same person or persons have control and dominion over each and every portion of the land comprising the lot of land sought to be connected with the public road, otherwise a connection made at the boundary line of the alleged lot of land would not connect the entire lot of land with the public road but only a portion thereof. Thus, in the case at bar, if the proposed road should extend only to the eastern boundary line of the 40-acre tract owned by Beal, it would connect that tract with the public road but would not connect the 40-acre tract owned by Davis with the public road. In order to also connect the tract owned by Davis with the public road it is necessary, after making the connection with the tract owned by Beal, to extend the road through Beal's land to the eastern boundary line of the tract owned by Davis. It cannot, therefore, be successfully contended that the land owned by Davis and that owned by Beal together constitute but one lot of land within the meaning of the statute. The tracts, so far as connecting them with a public road is concerned, are as separate and distinct as those involved in *Funderburk* v. *Spengler, supra,* and this case can in no logical way be distinguished from the former case.

The judgment of the circuit court is reversed and the cause is remanded, with directions to quash the record of the proceedings brought before it by the writ of *certiorari.*

*Reversed and remanded, with directions.*